Joseph F. Jennings (State Bar No. 145,920)
jjennings@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Phillip A. Bennett (State Bar No. 241,809)
phillip.bennett@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
KFx Medical Corporation.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFX MEDICAL CORPORATION, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARTHREX, INCORPORATED, a Delaware corporation.<br><br>　　　　　　Defendant. | Case No.<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMANDED** |

Plaintiff KFx Medical Corporation, ("KFx Medical" or "Plaintiff") hereby complains of Defendant Arthrex, Incorporated ("Defendant" or "Arthrex") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district, including substantial marketing and sale of products in this judicial district. Further, this Court has personal jurisdiction over Defendant in this case because Defendant has committed the acts giving rise to KFx Medical's claim for patent infringement within and directed to this judicial district.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Plaintiff KFx Medical is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5845 Avenida Encinas, Carlsbad, California 92008.

5. KFx Medical is informed and believes, and thereon alleges, that Defendant is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1370 Creekside Blvd., Naples, Florida 34108.

## III. GENERAL ALLEGATIONS

6. On September 8, 2009, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,585,311 ("the '311 patent"), entitled "SYSTEM AND METHOD FOR ATTACHING SOFT TISSUE TO BONE."

7. On January 24, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,100,942 ("the '942 patent"), entitled "SYSTEM AND METHOD FOR ATTACHING SOFT TISSUE TO BONE."

/ / /

8. On February 7, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,109,969 ("the '969 patent"), entitled "SYSTEM AND METHOD FOR ATTACHING SOFT TISSUE TO BONE."

9. The '311, '942 and '969 patents name Michael L. Green, Dr. Joseph C. Tauro, and Bart Bojanowski as inventors.

10. KFx Medical is the owner by assignment of all right, title, and interest in the '311, '942 and '969 patents.  True and correct copies of the '311, '942 and '969 patents are attached hereto as Exhibits 1, 2 and 3, respectfully.

11. The '311, '942 and '969 patents claim, *inter alia*, novel methods of attaching soft tissue to bone.  The methods can be used, for example, in repairing a torn rotator cuff, and more specifically for performing a knotless double row rotator cuff repair.

## IV.  FIRST CLAIM FOR RELIEF

(Induced Patent Infringement of U.S. Patent No. 7,585,311)

(35 U.S.C. § 271(b))

12. KFx Medical repeats and re-alleges the allegations of paragraphs 1-11 of this Complaint as if set forth fully herein.

13. Defendant has actual knowledge of the '311 patent because, among other things, KFx Medical has previously brought the patent to its attention.

14. Defendant has knowingly and actively induced infringement of the '311 patent by, *inter alia*, marketing and selling systems and devices used to attach soft tissue to bone, including for performing rotator cuff repairs, knowing and intending that that such systems and devices be used by Defendants' customers and users in a manner that infringes the '311 patent.  To that end, Defendant provides instructions and teachings to its customers and users that such systems and devices be used in the manner claimed in the '311 patent.  As a result, Defendant's systems and devices have been used by its customers and users in a manner that directly infringes the '311 patent.

15. Defendant's infringement of the '311 patent includes its marketing, sale and promotion of the systems and devices for performing what Defendant markets as the

SutureBridge™ Double Row Rotator Cuff Repair surgical technique, the SpeedBridge™ Knotless Double Row Footprint Reconstruction surgical technique, and the SutureBridge™ and SpeedBridge™ double row Achilles tendon repair.

16.  Defendant's teachings and instructions for these surgical techniques and the use of Defendant's systems and devices for the repair of a rotator cuff teach and instruct surgeons to insert a medial anchor into bone, to pass a suture from the medial anchor over the rotator cuff, to insert a lateral anchor positioned beyond the edge of the rotator cuff, to tension the suture, and secure the suture to the lateral anchor without tying a knot.  A true and correct copy of one of Defendant's surgical technique marketing instructions is attached hereto as Exhibit 2.  Defendant similarly teaches and instructs surgeons to use Defendant's systems and devices for the repair of the Achilles tendon.

17.  Defendant has committed acts of induced infringement within this district, including by its marketing, sale and promotion of the systems and devices for performing the infringing SutureBridge™ and SpeedBridge™ surgical techniques at the 2011 Open Meeting of the American Shoulder and Elbow Surgeons held in San Diego in February 2011 and at the 28th Annual Meeting of the San Diego Shoulder Institute that took place in San Diego, CA June 22-25, 2011.

18.  Defendant's acts of induced infringement were undertaken without permission or license from KFx Medical.

19.  Defendant had knowledge of the '311 patent, and its actions constitute willful infringement of the '311 patent, entitling KFx Medical to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

20.  KFx Medical is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to KFx Medical.  By reason of the aforesaid infringing acts, KFx Medical has been damaged and is entitled to monetary relief in an amount to be determined at trial.

/ / /

21. Due to the aforesaid infringing acts, KFx Medical has suffered and continues to suffer great and irreparable injury, for which it has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF

(Contributory Patent Infringement of U.S. Patent No. 7,585,311)

(35 U.S.C. § 271(c))

22. KFx Medical repeats and re-alleges the allegations of paragraphs 1-21 of this Complaint as if set forth fully herein.

23. Defendant has contributed to infringement of the '311 patent by, *inter alia*, marketing and selling kits used to attach soft tissue to bone, including for performing rotator cuff and Achilles tendon repairs. By way of example, these surgical kits include the SpeedBridge™ Kit, and the SutureBridge™ and SpeedBridge™ Convenience Packs.

24. Defendant's acts constitute contributory infringement of the '311 patent in violation of 35 U.S.C. § 271(c) because, among other things, Defendant has offered to sell and sold within the United States surgical kits, including at least the SpeedBridge™ and SutureBridge™ kits, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '311 patent. As a result, Defendant's surgical kits have been used by its customers and users in a manner that directly infringes the '311 patent.

25. Defendant continues to engage in acts of contributory infringement of the '311 patent.

26. Defendant's acts of contributory infringement were undertaken without permission or license from KFx Medical.

27. Defendant had knowledge of the '311 patent, and its actions constitute willful infringement of the '311 patent, entitling KFx Medical to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

28. KFx Medical is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages

1  from the aforesaid acts of infringement in an amount that is not presently known to KFx
2  Medical.  By reason of the aforesaid infringing acts, KFx Medical has been damaged and is
3  entitled to monetary relief in an amount to be determined at trial.

4       29.     Due to the aforesaid infringing acts, KFx Medical has suffered and continues
5  to suffer great and irreparable injury, for which it has no adequate remedy at law.

6  <center>**VI.  THIRD CLAIM FOR RELIEF**</center>
7  <center>(Induced Patent Infringement of U.S. Patent No. 8,100,942)</center>
8  <center>(35 U.S.C. § 271(b))</center>

9       30.     KFx Medical repeats and re-alleges the allegations of paragraphs 1-11 of this
10 Complaint as if set forth fully herein.

11      31.     Defendant has actual knowledge of the '942 patent because, among other
12 things, KFx Medical has previously brought the patent to its attention.

13      32.     Defendant has knowingly and actively induced infringement of the '942 patent
14 by, *inter alia*, marketing and selling systems and devices used to attach soft tissue to bone,
15 including for performing rotator cuff repairs, knowing and intending that that such systems
16 and devices be used by Defendants' customers and users in a manner that infringes the '942
17 patent.  To that end, Defendant provides instructions and teachings to its customers and users
18 that such systems and devices be used in the manner claimed in the '942 patent.  As a result,
19 Defendant's systems and devices have been used by its customers and users in a manner that
20 directly infringes the '942 patent.

21      33.     Defendant's infringement of the '942 patent includes its marketing, sale and
22 promotion of the systems and devices for performing what Defendant markets as the
23 SutureBridge™ Double Row Rotator Cuff Repair surgical technique, the SpeedBridge™
24 Knotless Double Row Footprint Reconstruction surgical technique, and the SutureBridge™
25 and SpeedBridge™ double row Achilles tendon repair.

26      34.     Defendant's teachings and instructions for these surgical techniques and the
27 use of Defendant's systems and devices for the repair of a rotator cuff teach and instruct
28 surgeons to insert a medial anchor into bone, to pass a suture from the medial anchor over the

rotator cuff, to insert a lateral anchor positioned beyond the edge of the rotator cuff, to tension the suture, and secure the suture to the lateral anchor without tying a knot.  A true and correct copy of one of Defendant's surgical technique marketing instructions is attached hereto as Exhibit 2.  Defendant similarly teaches and instructs surgeons to use Defendant's systems and devices for the repair of the Achilles tendon.

35. On information and belief, Defendant has committed acts of induced infringement within this district.

36. Defendant's acts of induced infringement were undertaken without permission or license from KFx Medical.

37. Defendant had knowledge of the '942 patent, and its actions constitute willful infringement of the '942 patent, entitling KFx Medical to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

38. KFx Medical is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to KFx Medical.  By reason of the aforesaid infringing acts, KFx Medical has been damaged and is entitled to monetary relief in an amount to be determined at trial.

39. Due to the aforesaid infringing acts, KFx Medical has suffered and continues to suffer great and irreparable injury, for which it has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF

(Contributory Patent Infringement of U.S. Patent No. 8,100,942)

(35 U.S.C. § 271(c))

40. KFx Medical repeats and re-alleges the allegations of paragraphs 1-11 and 30-39 of this Complaint as if set forth fully herein.

41. Defendant has contributed to infringement of the '942 patent by, *inter alia*, marketing and selling kits used to attach soft tissue to bone, including for performing rotator cuff and Achilles tendon repairs.  By way of example, these surgical kits include the SpeedBridge™ Kit, and the SutureBridge™ and SpeedBridge™ Convenience Packs.

*1*      42.     Defendant's acts constitute contributory infringement of the '942 patent in *2* violation of 35 U.S.C. § 271(c) because, among other things, Defendant has offered to sell *3* and sold within the United States surgical kits, including at least the SpeedBridge™ and *4* SutureBridge™ kits, which are not staple articles or commodities of commerce suitable for *5* substantial non-infringing use, and are known by Defendant to be especially made or *6* especially adapted for use in an infringement of the '942 patent.  As a result, Defendant's *7* surgical kits have been used by its customers and users in a manner that directly infringes the *8* '942 patent.

*9*      43.     Defendant continues to engage in acts of contributory infringement of the '942 *10* patent.

*11*      44.     Defendant's acts of contributory infringement were undertaken without *12* permission or license from KFx Medical.

*13*      45.     Defendant had knowledge of the '942 patent, and its actions constitute willful *14* infringement of the '942 patent, entitling KFx Medical to enhanced damages under 35 U.S.C. *15* § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

*16*      46.     KFx Medical is informed and believes, and thereon alleges, that Defendant has *17* derived and received, and will continue to derive and receive, gains, profits and advantages *18* from the aforesaid acts of infringement in an amount that is not presently known to KFx *19* Medical.  By reason of the aforesaid infringing acts, KFx Medical has been damaged and is *20* entitled to monetary relief in an amount to be determined at trial.

*21*      47.     Due to the aforesaid infringing acts, KFx Medical has suffered and continues *22* to suffer great and irreparable injury, for which it has no adequate remedy at law.

*23* **VIII.  FIFTH CLAIM FOR RELIEF**

*24* (Induced Patent Infringement of U.S. Patent No. 8,109,969)

*25* (35 U.S.C. § 271(b))

*26*      48.     KFx Medical repeats and re-alleges the allegations of paragraphs 1-11 of this *27* Complaint as if set forth fully herein.

*28* / / /

49. Defendant has actual knowledge of the '969 patent because, among other things, KFx Medical has previously brought the patent to its attention.

50. Defendant has knowingly and actively induced infringement of the '969 patent by, *inter alia*, marketing and selling systems and devices used to attach soft tissue to bone, including for performing rotator cuff repairs, knowing and intending that that such systems and devices be used by Defendants' customers and users in a manner that infringes the '969 patent. To that end, Defendant provides instructions and teachings to its customers and users that such systems and devices be used in the manner claimed in the '969 patent. As a result, Defendant's systems and devices have been used by its customers and users in a manner that directly infringes the '969 patent.

51. Defendant's infringement of the '969 patent includes its marketing, sale and promotion of the systems and devices for performing what Defendant markets as the SutureBridge™ Double Row Rotator Cuff Repair surgical technique, the SpeedBridge™ Knotless Double Row Footprint Reconstruction surgical technique, and the SutureBridge™ and SpeedBridge™ double row Achilles tendon repair.

52. Defendant's teachings and instructions for these surgical techniques and the use of Defendant's systems and devices for the repair of a rotator cuff teach and instruct surgeons to insert a medial anchor into bone, to pass a suture from the medial anchor over the rotator cuff, to insert a lateral anchor positioned beyond the edge of the rotator cuff, to tension the suture, and secure the suture to the lateral anchor without tying a knot. A true and correct copy of one of Defendant's surgical technique marketing instructions is attached hereto as Exhibit 2. Defendant similarly teaches and instructs surgeons to use Defendant's systems and devices for the repair of the Achilles tendon.

53. On information and belief, Defendant has committed acts of induced infringement within this district.

54. Defendant's acts of induced infringement were undertaken without permission or license from KFx Medical.

/ / /

55. Defendant had knowledge of the '969 patent, and its actions constitute willful infringement of the '969 patent, entitling KFx Medical to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

56. KFx Medical is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to KFx Medical.  By reason of the aforesaid infringing acts, KFx Medical has been damaged and is entitled to monetary relief in an amount to be determined at trial.

57. Due to the aforesaid infringing acts, KFx Medical has suffered and continues to suffer great and irreparable injury, for which it has no adequate remedy at law.

## IX.  SIXTH CLAIM FOR RELIEF

(Contributory Patent Infringement of U.S. Patent No. 8,109,969)

(35 U.S.C. § 271(c))

58. KFx Medical repeats and re-alleges the allegations of paragraphs 1-11 and 49-57 of this Complaint as if set forth fully herein.

59. Defendant has contributed to infringement of the '969 patent by, *inter alia*, marketing and selling kits used to attach soft tissue to bone, including for performing rotator cuff and Achilles tendon repairs.  By way of example, these surgical kits include the SpeedBridge™ Kit, and the SutureBridge™ and SpeedBridge™ Convenience Packs.

60. Defendant's acts constitute contributory infringement of the '969 patent in violation of 35 U.S.C. § 271(c) because, among other things, Defendant has offered to sell and sold within the United States surgical kits, including at least the SpeedBridge™ and SutureBridge™ kits, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '969 patent.  As a result, Defendant's surgical kits have been used by its customers and users in a manner that directly infringes the '969 patent.

/ / /

61.  Defendant continues to engage in acts of contributory infringement of the '969 patent.

62.  Defendant's acts of contributory infringement were undertaken without permission or license from KFx Medical.

63.  Defendant had knowledge of the '969 patent, and its actions constitute willful infringement of the '969 patent, entitling KFx Medical to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

64.  KFx Medical is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to KFx Medical.  By reason of the aforesaid infringing acts, KFx Medical has been damaged and is entitled to monetary relief in an amount to be determined at trial.

65.  Due to the aforesaid infringing acts, KFx Medical has suffered and continues to suffer great and irreparable injury, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KFx Medical prays for judgment in its favor against Defendant for the following relief:

A.  An Order adjudging Defendant to have willfully infringed the '311, '942 and '969 patents under 35 U.S.C. §§ 271(b) and (c);

B.  A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the '311 '942 and '969 patents in violation of 35 U.S.C. § 271;

C.  An award of damages adequate to compensate KFx Medical for Defendant's infringement;

D.  An Order for a trebling of damages and/or exemplary damages because of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

E.  An Order adjudging that this is an exceptional case;

F.   An award to KFx Medical of the attorneys' fees and costs incurred by it in connection with this action pursuant to 35 U.S.C. § 285;

G.   An award of pre-judgment and post-judgment interest and costs of this action; and

H.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 2, 2012

By: s/ Joseph F. Jennings
    Joseph F. Jennings
    Phillip A. Bennett

Attorneys for Plaintiff
KFx Medical Corporation

## DEMAND FOR TRIAL BY JURY

KFx Medical Corporation hereby demands a trial by jury on all issues so triable.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 2, 2012    By: s/Joseph F. Jennings
                            Joseph F. Jennings
                            Phillip A. Bennett

                        Attorneys for Plaintiff
                        KFx Medical Corporation

12977056
032112

## PROOF OF SERVICE

I hereby certify that on April 2, 2012, I caused the **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Michael A. Tomasulo
tomasulom@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
T: 310-772-8300

Charles W. Saber
saberc@dicksteinshapiro.com
Salvatore P. Tamburo
tamburos@dicksteinshapiro.com
Megan S. Woodworth
woodworthm@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street Northwest
Washington, DC 20006
T: 202-420-2200

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on April 2, 2012, at San Diego, California.

Colleen Mensching

KFXL.064L
12839319
022812