Joseph F. Jennings (State Bar No. 145,920)
jjennings@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Phillip A. Bennett (State Bar No. 241,809)
phillip.bennett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
KFx Medical Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFX MEDICAL CORPORATION, a Delaware corporation,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>ARTHREX, INCORPORATED., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Case no. 11cv1698 DMS (BLM)<br><br>**SUPPLEMENTAL DECLARATION OF PHILLIP A. BENNETT IN SUPPORT OF PLAINTIFF'S MOTION TO (A) DISMISS DEFENDANT'S COUNTERCLAIM FOR INEQUITABLE CONDUCT IN CONNECTION WITH U.S. PATENTS 8,100,942 AND 8,109,969; (B) STRIKE THE CORRESPONDING AFFIRMATIVE DEFENSE; AND (C) EXTEND TIME TO ANSWER REMAINING ALLEGATIONS**<br><br>Date:  July 13, 2012<br>Time:  1:30 p.m.<br>Courtroom 10, 2nd Floor<br>Honorable Dana M. Sabraw |

I, Phillip A. Bennett, declare and state as follows:

1.    I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am counsel of record for KFx Medical Corporation  ("KFx") in this action.  I submit this Declaration in Support of Plaintiff's Motion to (A) Dismiss Defendant's Counterclaim for Inequitable Conduct in Connection with U.S. Patents 8,100,942 And 8,109,969; (B) Strike the Corresponding Affirmative Defense; and (C) Extend Time to Answer Remaining Allegations. The following statement is based on my personal knowledge.

2.    Attached hereto as Exhibit 11 is a true and correct copy of portions of the Manual of Patent Examining Procedure cited by KFx in its Memorandum and its Reply  in support of its Motion to (A) Dismiss Defendant's Counterclaim for Inequitable Conduct in Connection with U.S. Patents 8,100,942 And 8,109,969; (B) Strike the Corresponding Affirmative Defense; and (C) Extend Time to Answer Remaining Allegations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2012 in San Diego, California.


  s/Phillip A. Bennett_____
  Phillip A. Bennett

# TABLE OF EXHIBITS

**Page No.**

Exhibit 11.................................................................................................152

# EXHIBIT 11

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision July 2010



## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

Rev. 8, July 2010

EXHIBIT 11
PAGE 152

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

      Superintendent of Documents        Telephone:  202-512-2267
      Mail List Section, Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

      Superintendent of Documents        Telephone:  202-512-1800
      United States Government Printing Office
      Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

      Mail Stop Document Services        Telephone:  1-800-972-6382 or 571-272-3150
      Director of the U.S. Patent and Trademark Office
      P.O. Box 1450
      Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

      U.S. Patent and Trademark Office        Telephone:  571-272-5600
      Office of Electronic Information Products
      MDW 4C18,  P.O. Box 1450
      Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.      Telephone:  571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text.  Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

    First Edition, November 1949
    Second Edition, November 1953
    Third Edition, November 1961
    Fourth Edition, June 1979
    Fifth Edition, August 1983
    Sixth Edition, January 1995
    Seventh Edition, July 1998
    Eighth Edition, August 2001
      Revision 1, February 2003
      Revision 2, May 2004
      Revision 3, August 2005
      Revision 4, October 2005
      Revision 5, August 2006
      Revision 6, September 2007
      Revision 7, July 2008
      Revision 8, July 2010

3.   This form paragraph must be followed by form paragraph 7.28, where the amendment is made to the specification and/or drawings and introduces new matter into the disclosure, and/or form paragraph 7.31.01, where the amendment adds new matter to the claims or affects the claims.

4.   If the amendment is an after-final amendment, an advisory action should be issued indicating that the amendment raises new issues because it is not in compliance with 37 CFR 1.57(a).

5.   This form paragraph should not be used if there is an express incorporation by reference since applicant would not need to comply with the requirements of 37 CFR 1.57(a).

<

# 202      Cross-Noting

**

## 202.02      Notation in File History Regarding Prior U.S. Applications, Including Provisional Applications [R-3]

For Image File Wrapper (IFW) processing, see the IFW Manual.**>The front page of a printed patent identifies all prior applications for which benefits are claimed under 35 U.S.C. 119(e), 120, 121, or 365(c) in continuation-in-part, continuation, divisional, substitute, and reissue applications. Therefore, the identifying data of all prior applications for which benefits are claimed should be reviewed by the examiner to ensure that the data is accurate and provided in either the first sentence(s) of the specification or in an application data sheet. See 37 CFR 1.78(a) and MPEP § 201.11. For example, the reference to a prior nonprovisional application must include the appropriate relationship (e.g., continuation, divisional, or continuation-in-part) between the nonprovisional applications.<

The *>front page< of a printed patent issuing on a continued prosecution application (CPA) filed under 37 CFR 1.53(d) will identify the application number and filing date of the most recent noncontinued prosecution application (but not the filing date of the CPA) as well as all **>prior applications< from which *>benefit< was claimed in the most recent noncontinued prosecution application.

Where ** prior application data, including provisional application data, is preprinted ** on the PALM bib-data sheet **, the examiner should check that data for accuracy, including whether the application is, in fact, copending with the *>prior< nonprovisional application or applications *>for< which *>benefit< is claimed. >Similarly, the application number of any provisional application for which benefit is claimed should be printed on the PALM bib-data sheet.< If applicant claims benefit under 35 U.S.C. 119(e) to a prior provisional application, and states that the provisional application claims priority to earlier domestic or foreign application(s), the earlier application(s) should not be reflected on the ** PALM bib-data sheet because a provisional application is not entitled to the right of priority of any other application. See 35 U.S.C. 111(b)(7).

Where the data is correct, the examiner should initial ** the PALM bib-data sheet ** in the provided space. Should there be error in the preprinted *>prior< application data, the ** correction or entry of the data in the PALM data base can be made by technical support staff of the Technology Center. Upon entry of the data, a new PALM bib-data sheet should be printed and **>scanned into< the file.

**

The inclusion of ** prior application information in the *>patent< does not necessarily indicate that the claims are entitled to the benefit of the earlier filing date.

See MPEP § 306 for work done by the Assignment Division pertaining to these particular types of applications.

In the situation in which there has been no reference to a *>prior< application because the benefit of its filing date is not desired, no notation as to the *>prior< application is made on the ** PALM bib-data sheet **.

## 202.03      Notation on File Wrapper When Priority Is Claimed for Foreign Application [R-3]

For Image File Wrapper (IFW) processing, see the IFW Manual. A ** PALM bib-data sheet should include the application number, country (or intellectual property authority), day, month, and year of each foreign application that the U.S. application is claiming the *>priority< of. The examiner should check this information for accuracy. Should there be error, the examiner should make the appropriate corrections directly ** on the PALM bib-data sheet, and have the information corrected in the Office computer systems by forwarding the information ** to the examiner's

EXHIBIT 11
PAGE 154

siders other documents in Office search files while conducting a search of the prior art in a proper field of search.

　　(1) For e-IDS, use the e-IDS icon on examiner's workstation to consider cited U.S. patents and U.S. patent application publications. See MPEP § 609.07 for more information on e-IDS.

　　(2) Initial the blank column next to the citation to indicate that the information has been considered by the examiner >, or use the alternative electronic signature method by inserting on each page of reference citations the phrase "All references considered except where lined through" along with the examiner's electronic initials, and providing the examiner's electronic signature on the final page of reference citations<.

　　(B) Draw a line through the citation to show that it has not been considered if the citation fails to comply with all the requirements of 37 CFR 1.97 and 37 CFR 1.98. - The examiner should inform applicant the reasons why a citation was not considered.

　　(C) Write "not considered" on an information disclosure statement if none of the information listed complies with the requirements of 37 CFR 1.97 and 37 CFR 1.98. - The examiner will inform applicant the reasons why the IDS was not considered by using form paragraphs 6.49 through 6.49.09.

　　(D) Sign and date the bottom of the IDS listing >, or use the alternative electronic signature method noted in item (A)(2) above<.

　　(E) Ensure that a copy of the IDS listing that is signed and dated by the examiner is entered into the file and mailed to applicant.

　　For discussion of electronic processing of IDS, see MPEP § 609.08.

# 609.02　Information Disclosure Statements in Continued Examinations or Continuing Applications [R-5]

　　>When filing a continuing application that claims benefit under 35 U.S.C. 120 to a parent application (other than an international application that designated the U.S.), it will <u>not</u> be necessary for the applicant to submit an information disclosure statement in the continuing application that lists the prior art cited by the examiner in the parent application unless the

applicant desires the information to be printed on the patent issuing from the continuing application (for continued prosecution applications filed under 37 CFR 1.53(d), see subsection A.1. below). The examiner of the continuing application will consider information which has been considered by the Office in the parent application.

　　When filing a continuing application that claims benefit under 35 U.S.C. 120 to an international application that designated the U.S. (see MPEP § 1895), it will be necessary for the applicant to submit an information disclosure statement complying with 37 CFR 1.97 and 1.98 in the continuing application listing the documents cited in the international search report and/or the international preliminary examination report of the international application if applicant wishes to ensure that the information be considered by the examiner in the continuing application.<

# IDS IN CONTINUED EXAMINATIONS OR CONTINUING APPLICATIONS

## A.　IDS That Has Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination (RCE)

### 1.　Continued Prosecution Applications (CPAs) Filed Under 37 CFR 1.53(d)

　　Information which has been considered by the Office in the parent application of a continued prosecution application (CPA) filed under 37 CFR 1.53(d) will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent.

### 2.　Continuation Applications, Divisional Applications, or Continuation-in-Part Applications Filed Under 37 CFR 1.53(b)

　　The examiner will consider information which has been considered by the Office in a parent application when examining: (A) a continuation application filed under 37 CFR 1.53(b), (B) a divisional application filed under 37 CFR 1.53(b), or (C) a continuation-in-part application filed under 37 CFR 1.53(b). A listing of the information need not be resubmitted in the continuing application unless the applicant desires the information to be printed on the patent.

EXHIBIT 11
PAGE 155

**609.05(b)**                    MANUAL OF PATENT EXAMINING PROCEDURE

citations of other documents; (3) the application number of the application in which the information disclosure statement is being submitted on each page of the list; (4) a column that provides a blank space next to each document to be considered, for the examiner's initials; and (5) a heading that clearly indicates that the list is an information disclosure statement.  The information disclosure statement has been placed in the application file, but the information referred to therein has not been considered.

**Examiner Note:**

If an IDS listing includes a copy of an initialed IDS listing from another application, the IDS listing would not comply with the requirements under 37 CFR 1.98(a)(1).  This form paragraph is applicable for such an IDS submission.

*¶   6.49.09   Information Disclosure Statement Not Considered, No Explanation of Relevance of Non-English Language Information*

The information disclosure statement filed **[1]** fails to comply with  37 CFR 1.98(a)(3)(i) because it does not include a concise explanation of the relevance, as it is presently understood by the individual designated in  37 CFR 1.56(c) most knowledgeable about the content of the information, of each reference listed that is not in the English language.  It has been placed in the application file, but the information referred to therein has not been considered.

\*\*>

*¶   6.49.10    Information Disclosure Statement Not Considered, Non-acceptable Electronic Medium*

The information disclosure statement filed **[1]** was submitted on an electronic medium that was not acceptable.  It has been placed in the application file, but the information referred to therein has not been considered.  Note that U.S. patents, U.S. application publications, foreign patent documents and non-patent literature cited in an information disclosure statement may be electronically submitted in compliance with the Office Electronic Filing System (EFS) requirements.

**Examiner Note:**

This form paragraph may be used when the IDS that includes patents and non-patent literature documents is submitted on compact discs or any other electronic medium, except via EFS.  Only tables, sequence listings, and program listings may be submitted on CDs.  See 37 CFR 1.52(a) and (e).

<

*¶   6.51   Time for Completing Information Disclosure Statement*

The information disclosure statement filed on **[1]** does not fully comply with the requirements of  37 CFR 1.98(b) because:  **[2]**.  Since the submission appears to be *bona fide*, applicant is given **ONE (1) MONTH** from the date of this notice to supply the above-mentioned omissions or corrections in the information disclosure statement.  NO EXTENSION OF THIS TIME LIMIT MAY BE GRANTED UNDER EITHER  37 CFR 1.136(a) OR (b).  Failure to timely comply with this notice will result in the

above-mentioned information disclosure statement being placed in the application file with the non-complying information **not** being considered.  See  37 CFR 1.97(i).

**Examiner Note:**

Use this form paragraph if an IDS complies with the timing requirements of 37 CFR 1.97 but part of the content requirements of 37 CFR 1.98(b) has been inadvertently omitted.

This practice does not apply where there has been a deliberate omission of some necessary part of an Information Disclosure Statement or where the requirements based on the time of filing the statement, as set forth in  37 CFR 1.97, have not been complied with.

# 609.05(b)   Complying Information Disclosure Statements [R-7]

The information contained in information disclosure statements which comply with both the content requirements of 37 CFR 1.98 and the requirements, based on the time of filing the statement, of 37 CFR 1.97 will be considered by the examiner. Consideration by the examiner of the information submitted in an IDS means that the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above.

>In addition, the following alternative electronic signature method may be used by examiners in information disclosure statements to indicate whether the information has been considered. Examiners will no longer initial each reference citation considered, but will continue to strikethrough each citation not considered. Each page of reference citations will be stamped by the examiner with the phrase "All references considered except where lined through" along with the examiner's electronic initials, and the final page of reference citations will include the examiner's electronic signature. <

Examiners must consider all citations submitted in conformance with the rules, and their initials when placed adjacent to the considered citations on the list or in the boxes provided on a form PTO/SB/08A and 08B >(or the examiner may use  the alternative electronic signature method noted above)< provides a clear record of which citations have been considered

**EXHIBIT 11**
**PAGE 156**

rejection. The rationale for this is several-fold. It is not uncommon for a full text document to reveal that the document fully anticipates an invention that the abstract renders obvious at best. The converse may also be true, that the full text document will include teachings away from the invention that will preclude an obviousness rejection under 35 U.S.C. 103, when the abstract alone appears to support the rejection. An abstract can have a different effective publication date than the full text document. Because all patentability determinations are fact dependent, obtaining and considering full text documents at the earliest practicable time in the examination process will yield the fullest available set of facts upon which to determine patentability, thereby improving quality and reducing pendency.

When <u>both</u> the abstract and the underlying document qualify as prior art, the underlying document should normally be used to support a rejection. In limited circumstances, it may be appropriate for the examiner to make a rejection in a non-final Office action based in whole or in part on the abstract only without relying on the full text document. In such circumstances, the full text document and a translation (if not in English) may be supplied in the next Office action. Whether the next Office action may be made final is governed by MPEP § 706.07(a).

## III.    >RELIANCE ON ADMITTED PRIOR ART IN SUPPORT OF REJECTION

A statement by an applicant in the specification or made during prosecution identifying the work of another as "prior art" is an admission which can be relied upon for both anticipation and obviousness determinations, regardless of whether the admitted prior art would otherwise qualify as prior art under the statutory categories of 35 U.S.C. 102. *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1354, 66 USPQ2d 1331, 1337 (Fed. Cir. 2003); *Constant v. Advanced Micro-Devices Inc.*, 848 F.2d 1560, 1570, 7 USPQ2d 1057, 1063 (Fed. Cir. 1988). See MPEP § 2129 for discussion on admissions as prior art. Where the admitted prior art anticipates the claim but does not qualify as prior art under any of the paragraphs of 35 U.S.C. 102, the claim may be rejected as being anticipated by the admitted prior art without citing to 35 U.S.C. 102.

## IV.    < REEXAMINATION

For scope of rejections in *ex parte* reexamination proceedings, see MPEP § 2258 and in *inter partes* reexamination, see MPEP § 2658.
*>

## V.    < DISTINCTION BETWEEN 35 U.S.C. 102 AND 103

The distinction between rejections based on 35 U.S.C. 102 and those based on 35 U.S.C. 103 should be kept in mind. Under the former, the claim is anticipated by the reference. No question of obviousness is present. In other words, for anticipation under 35 U.S.C. 102, the reference must teach every aspect of the claimed invention either explicitly or impliedly. Any feature not directly taught must be inherently present. Whereas, in a rejection based on 35 U.S.C. 103, the reference teachings must somehow be modified in order to meet the claims. The modification must be one which would have been obvious to one of ordinary skill in the art at the time the invention was made. See MPEP § 2131 - § 2146 for guidance on patentability determinations under 35 U.S.C. 102 and 103.
*>

## VI.    <    DETERMINING    THE    EFFECTIVE FILING DATE OF THE APPLICATION

The effective filing date of a U.S. application may be determined as follows:

(A) If the application is a continuation or divisional of one or more earlier U.S. applications or international applications and if the requirements of 35 U.S.C. 120 and 365(c), respectively, have been satisfied, the effective filing date is the same as the earliest filing date in the line of continuation or divisional applications.

(B) If the application is a continuation-in-part of an earlier U.S. application or international application, any claims in the new application not supported by the specification and claims of the parent application have an effective filing date equal to the filing date of the new application. Any claims which are fully supported under 35 U.S.C. 112 by the earlier parent application have the effective filing date of that earlier parent application.

**EXHIBIT 11**
**PAGE 157**

706.02(a)                            MANUAL OF PATENT EXAMINING PROCEDURE

(C) If the application claims foreign priority under 35 U.S.C. 119(a)-(d) or 365(a) or (b), the effective filing date is the filing date of the U.S. application, unless situation (A) or (B) as set forth above applies. The filing date of the foreign priority document is not the effective filing date, although the filing date of the foreign priority document may be used to overcome certain references. See MPEP § 706.02(b) and § 2136.05.

(D) If the application properly claims benefit under 35 U.S.C. 119(e) to a provisional application, the effective filing date is the filing date of the provisional application for any claims which are fully supported under the first paragraph of 35 U.S.C. 112 by the provisional application.

See MPEP § 1893.03(b) for determining the effective filing date of an application under 35 U.S.C. 371. See MPEP § 201.11(a) and § 1895 for additional information on determining the effective filing date of a continuation, divisional, or continuation-in-part of a PCT application designating the U.S. See also MPEP § 1895.01 and § 1896 which discuss differences between applications filed under 35 U.S.C. 111(a) and international applications that enter national stage under 35 U.S.C. 371.

# 706.02(a)  Rejections Under 35 U.S.C. 102(a), (b), or (e); Printed Publication or Patent  [R-3]

Once the examiner conducts a search and finds a printed publication or patent which discloses the claimed invention, the examiner should determine whether the rejection should be made under 35 U.S.C. 102(a), (b), or (e).

In order to determine which section of 35 U.S.C. 102 applies, the effective filing date of the application must be determined and compared with the date of the reference. See MPEP § 706.02 regarding determination of effective filing date of the application.

## I.    DETERMINING THE REFERENCE ISSUE OR PUBLICATION DATE

The examiner must determine the issue or publication date of the reference so that a proper comparison between the application and reference dates can be made. A magazine is effective as a printed publication under 35 U.S.C. 102(b) as of the date it reached the

addressee and not the date it was placed in the mail. *Protein Foundation Inc. v. Brenner,* 260 F. Supp. 519, 151 USPQ 561 (D.D.C. 1966). See MPEP § 707.05(f). For foreign patents see MPEP § 901.05. See MPEP § 2124, § 2126, and § 2128 - § 2128.02 for case law relevant to reference date determination.

## II.    DETERMINING WHETHER TO APPLY 35 U.S.C. 102(a), (b), or (e)

### A.    35 U.S.C. 102(b)

First, the examiner should consider whether the reference qualifies as prior art under 35 U.S.C. 102(b) because this section results in a statutory bar to obtaining a patent. If the publication or issue date of the reference is more than 1 year prior to the effective filing date of the application (MPEP § 706.02), the reference qualifies as prior art under 35 U.S.C. 102(b).

Where the last day of the year dated from the date of publication falls on a Saturday, Sunday or Federal holiday, the publication is not a statutory bar under 35 U.S.C. 102(b) if the application was filed on the next succeeding business day. *Ex parte Olah,* 131 USPQ 41 (Bd. App. 1960) (The Board in *Olah* held that 35 U.S.C. 21(b) is applicable to the filing of an original application for patent and that applicant's own activity will not bar a patent if the 1-year grace period expires on a Saturday, Sunday, or Federal holiday and the application's U.S. filing date is the next succeeding business day.) Despite changes to 37 CFR 1.6(a)(2) and 1.10 which permit the USPTO to accord a filing date to an application as of the date of deposit as "Express Mail" with the U.S. Postal Service in accordance with 37 CFR 1.10 (e.g., a Saturday filing date), the rule changes do not affect applicant's concurrent right to defer the filing of an application until the next business day when the last day for "taking any action" falls on a Saturday, Sunday, or Federal holiday (e.g., the last day of the 1-year grace period falls on a Saturday).

### B.    35 U.S.C. 102(e)

If the publication or issue date of the reference is too recent for 35 U.S.C. 102(b) to apply, then the examiner should consider 35 U.S.C. 102(e).

In order to apply a reference under 35 U.S.C. 102(e), the inventive entity of the application must be

1    **PROOF OF SERVICE**

2        I hereby certify that on July 6, 2012, I caused the **SUPPLEMENTAL**

3   **DECLARATION OF PHILLIP A. BENNETT IN SUPPORT OF PLAINTIFF'S**

4   **MOTION TO (A) DISMISS DEFENDANT'S COUNTERCLAIM FOR**

5   **INEQUITABLE CONDUCT IN CONNECTION WITH U.S. PATENTS 8,100,942 AND**

6   **8,109,969; (B) STRIKE THE CORRESPONDING AFFIRMATIVE DEFENSE; AND**

7   **(C) EXTEND TIME TO ANSWER REMAINING ALLEGATIONS** to be electronically

8   filed with the Clerk of the Court using the CM/ECF system which will send electronic

9   notification of such filing to the following person(s):

10
11                          Michael A. Tomasulo
                         tomasulom@dicksteinshapiro.com
12                          DICKSTEIN SHAPIRO LLP
                        2049 Century Park East, Suite 700
13                          Los Angeles, CA  90067
                             T:  310-772-8300
14
                            Charles W. Saber
15                      saberc@dicksteinshapiro.com
                           Salvatore P. Tamburo
16                     tamburos@dicksteinshapiro.com
                          Megan S. Woodworth
17                    woodworthm@dicksteinshapiro.com
                           S. Gregory Herrman
18                     herrmanG@dicksteinshapiro.com
                          DICKSTEIN SHAPIRO LLP
19                        1825 Eye Street Northwest
                            Washington, DC  20006
20                           T:  202-420-2200

21       I certify and declare under penalty of perjury under the laws of the State of California

22   that I am employed in the office of a member of the bar of this Court at whose direction the

23   service was made, and that the forgoing is true and correct.

24       Executed on July 6, 2012, at San Diego, California.

25
26                                                          _____
                                                            Colleen Mensching
27
KFXL.064L
28   13565505
     070512