# EXHIBIT 9

# Title 37

of the

# Code of Federal Regulations

# July 2012

## Patents, Trademarks & Copyrights

# IP Data Corporation

Government Publications

ISBN: 978-1-58853-117-9

EXHIBIT 9
PAGE 153

# Title 37
# Code of Federal Regulations

Patents, Trademarks and Copyrights

## July 2012

**Published by**
**IP Data Corporation**
**704 W. Park Ave., Ste. C**
**Edgewater, FL 32132-1409**

**www.ipdatacorp.com**
**support@ipdatacorp.com**
800-832-2823
386-426-5393
208-361-6381 (fax)

EXHIBIT 9
PAGE 154

tion by a patent
   reexamination
ly for sufficient
: specified. Any
t be filed on or
n by the patent
will the mere
extension. Any
on must be
ee set forth in
ensions of time
the U.S. Court
Circuit or for

ile a timely and
ffice action or
rview required
tion in the ex
ng will be a
e Director will
a certificate
n proceeding
with the last

t owner is not

sponse may be
satisfaction of
s unavoidable;
idably delayed
mpliance with

vertheless be
nintentional; a
onally delayed
mpliance with

r will be sent
during the ex
After filing of
tion by a third
filed by either
arty requester
party in the
the manner
cument must
nay be refused

: the ex parte
with the reply

pursuant to §1.535, and no further submissions on behalf of the reexamination requester will be acknowledged or considered. Further, no submissions on behalf of any third parties will be acknowledged or considered unless such submissions are:

(1) in accordance with §1.510 or §1.535; or

(2) entered in the patent file prior to the date of the order for ex parte reexamination pursuant to §1.525.

(h) Submissions by third parties, filed after the date of the order for ex parte reexamination pursuant to §1.525, must meet the requirements of and will be treated in accordance with §1.501(a).

[65 FR 76776, Dec. 7, 2000, as amended at 69 FR 56545, Sept. 21, 2004; 72 FR 18905, April 16, 2007]

### § 1.552 Scope of reexamination in ex parte reexamination proceedings.

(a) Claims in an ex parte reexamination proceeding will be examined on the basis of patents or printed publications and, with respect to subject matter added or deleted in the reexamination proceeding, on the basis of the requirements of 35 U.S.C. 112.

(b) Claims in an ex parte reexamination proceeding will not be permitted to enlarge the scope of the claims of the patent.

(c) Issues other than those indicated in paragraphs (a) and (b) of this section will not be resolved in a reexamination proceeding. If such issues are raised by the patent owner or third party requester during a reexamination proceeding, the existence of such issues will be noted by the examiner in the next Office action, in which case the patent owner may consider the advisability of filing a reissue application to have such issues considered and resolved.

[65 FR 76776, Dec. 7, 2000]

### § 1.555 Information material to patentability in ex parte reexamination and inter partes reexamination proceedings.

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective reexamination occurs when, at the time a reexamination

proceeding is being conducted, the Office is aware of and evaluates the teachings of all information material to patentability in a reexamination proceeding. Each individual associated with the patent owner in a reexamination proceeding has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability in a reexamination proceeding. The individuals who have a duty to disclose to the Office all information known to them to be material to patentability in a reexamination proceeding are the patent owner, each attorney or agent who represents the patent owner, and every other individual who is substantively involved on behalf of the patent owner in a reexamination proceeding. The duty to disclose the information exists with respect to each claim pending in the reexamination proceeding until the claim is cancelled. Information material to the patentability of a cancelled claim need not be submitted if the information is not material to patentability of any claim remaining under consideration in the reexamination proceeding. The duty to disclose all information known to be material to patentability in a reexamination proceeding is deemed to be satisfied if all information known to be material to patentability of any claim in the patent after issuance of the reexamination certificate was cited by the Office or submitted to the Office in an information disclosure statement. However, the duties of candor, good faith, and disclosure have not been complied with if any fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct by, or on behalf of, the patent owner in the reexamination proceeding. Any information disclosure statement must be filed with the items listed in §1.98(a) as applied to individuals associated with the patent owner in a reexamination proceeding, and should be filed within two months of the date of the order for reexamination, or as soon thereafter as possible.

(b) Under this section, information is material to patentability in a reexamination proceeding when it is not cumulative to information of

141

EXHIBIT 9
PAGE 155

record or being made of record in the reexamination proceeding, and

(1) It is a patent or printed publication that establishes, by itself or in combination with other patents or printed publications, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the patent owner takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability of a claim pending in a reexamination proceeding is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) The responsibility for compliance with this section rests upon the individuals designated in paragraph (a) of this section and no evaluation will be made by the Office in the reexamination proceeding as to compliance with this section. If questions of compliance with this section are raised by the patent owner or the third party requester during a reexamination proceeding, they will be noted as unresolved questions in accordance with §1.552(c).

[57 FR 2036, Jan 17, 1992, as amended at 65 FR 76776, Dec. 7, 2000]

## § 1.560  Interviews in ex parte reexamination proceedings.

(a) Interviews in ex parte reexamination proceedings pending before the Office between examiners and the owners of such patents or their attorneys or agents of record must be conducted in the Office at such times, within Office hours, as the respective examiners may designate. Interviews will not be permitted at any other time or place without the authority of the Director. Interviews for the discussion of the patentability of claims in patents involved in ex parte reexamination proceedings will not be conducted prior to the

first official action. Interviews should be arranged in advance. Requests that reexamination requesters participate in interviews with examiners will not be granted.

(b) In every instance of an interview with an examiner in an ex parte reexamination proceeding, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the patent owner. An interview does not remove the necessity for response to Office actions as specified in §1.111. Patent owner's response to an outstanding Office action after the interview does not remove the necessity for filing the written statement. The written statement must be filed as a separate part of a response to an Office action outstanding at the time of the interview, or as a separate paper within one month from the date of the interview, whichever is later.

[65 FR 76777, Dec. 7, 2000]

## § 1.565  Concurrent office proceedings which include an ex parte reexamination proceeding.

(a) In an ex parte reexamination proceeding before the Office, the patent owner must inform the Office of any prior or concurrent proceedings in which the patent is or was involved such as interferences, reissues, ex parte reexaminations, inter partes reexaminations, or litigation and the results of such proceedings. See §1.985 for notification of prior or concurrent proceedings in an inter partes reexamination proceeding.

(b) If a patent in the process of ex parte reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the reexamination. See §1.987 for inter partes reexamination proceedings.

(c) If ex parte reexamination is ordered while a prior ex parte reexamination proceeding is pending and prosecution in the prior ex parte reexamination proceeding has not been terminated, the ex parte reexamination proceedings will usually be merged and result in the issuance and publication of a single certificate under § 1.570. For merger of inter partes reexamination proceedings, see § 1.989(a). For merger of ex parte

reexamination and proceedings, see §

(d) If a reissue a reexamination pro pursuant to § pending concurre will usually be re proceedings or t proceedings. Wh application and proceeding is examination will with § § 1.171 tl owner will be re the same claims i the ex parte reex the pendency of examiner's action owner in a merg both the reissue reexamination physically entere reexamination p reissue applicatio grant of the reiss reissue applicat reexamination, se

(e) If a patent reexamination is interference, the reexamination Director will not an interference u of this title) to been presented administrative pa filed within ten administrative motion for susp the administrativ concurrent inter interference of a

[65 FR 76776, D FR 50001, Aug. 16, 2007]

## Ex Parte Re

§ 1.570  Issuan parte reexamin ex parte reexam

(a) To conclu

# EXHIBIT 10

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,430 | 01/11/2011 | 7585311 | | 1162 |

| 20995        7590        03/28/2011 |
|---|
| KNOBBE MARTENS OLSON & BEAR LLP |
| 2040 MAIN STREET |
| FOURTEENTH FLOOR |
| IRVINE, CA  92614 |

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 03/28/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

**EXHIBIT 10**
**PAGE 157**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

KING & SPALDING

1185 AVENUE OF THE AMERICAS

NEW YORK, NY 10036-4003

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/011,430*.

PATENT NO. *7585311*.

ART UNIT *3993*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

EXHIBIT 10
PAGE 158

| | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| **Notice of Intent to Issue**<br>**Ex Parte Reexamination Certificate** | 90/011,430 | 7585311 | |
| | Examiner | Art Unit | |
| | JEANNE M. CLARK | 3993 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☒ Patent owner's communication(s) filed: *24 February 2011*.
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☐ Other: _____.

   Status of *Ex Parte* Reexamination:
   (f) Change in the Specification:  ☐ Yes ☒ No
   (g) Change in the Drawing(s):     ☐ Yes ☒ No
   (h) Status of the Claim(s):

      (1) Patent claim(s) confirmed: *1-3, 5-25 and 28-30*.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
      (3) Patent claim(s) cancelled: _____.
      (4) Newly presented claim(s) patentable: _____.
      (5) Newly presented cancelled claims: _____.

      (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____

      (7) Patent claim(s) not subject to reexamination: *4, 26, and 27*.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute.).

5. ☐ The drawing correction request filed on _____ is: ☐ approved   ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some*   c)☐ None   of the certified copies have
         ☐ been received.
         ☐ not been received.
         ☐ been filed in Application No. _____.
         ☐ been filed in reexamination Control No. _____.
         ☐ been received by the International Bureau in PCT Application No. _____.

   * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-469 (Rev.6-06)          **Notice of Intent to Issue Ex Parte Reexamination Certificate**        Part of Paper No --

**EXHIBIT 10**
**PAGE 159**

Application/Control Number: 90/011,430                                          Page 2
Art Unit: 3993

## Summary of the Proceedings

A third party requested reexamination of claims 1-25 and 27-30 of U.S. Patent No.

7,585,311 ("the '311 patent") based upon the following proposed rejections supported by alleged

substantial new questions of patentability (SNQs):

1.  Claims 1-4, 8, 22-23, 25, and 27-30 of the '311 Patent are anticipated by U.S. Pat. No. 5,569,306 to Thal ("Thal '306").

2.  Claims 1-3, 8, 22-25, and 28-30 of the '311 Patent are obvious in view of U.S. Pat. No. 6,585,730 to Foerster ("Foerster") in view of Thal '306.

3.  Claims 5-8, 11-12, and 14-15 of the '311 Patent are obvious based on Thal '306 in view of U.S. Pat. No. 5,891,168 to Thal ("Thal '168").

4.  Claims 5-8, 11-12, and 14-15 of the '311 Patent are obvious based on Foerster in view of Thal '306, and further in view of Thal '168.

5.  Claims 8-10 and 24 of the '311 Patent are obvious based on Thal '306 in view of U.S. Pat. App. Pub. No. 2003/0120309 to Colleran ("Colleran").

6.  Claims 8-10 and 24 of the '311 Patent are obvious based on Foerster in view of Thal '306, and further in view of Colleran.

7.  Claim 21 of the '311 Patent is obvious based on Thal '306 in view of U.S. Pat. No. 5,443,482 to Stone ("Stone").

8.  Claim 21 is obvious based on Foerster in view of Thal '306, and further in view of Stone.

9.  Claims 13 and 16-20 of the '311 Patent are obvious based on Thal '306 in view of Thal '168 and further in view of U.S. Pat. No. 4,872,840 to Bori ("Bori") and/or "Suturing techniques for periodontal plastic surgery," by Regan L. Moore & Margaret Hill, Periodontology 2000, vol. 11, 1996 ("Moore").

10. Claims 13 and 16-20 of the '311 Patent are obvious based on Foerster in view of Thal '306 and Thal '168 and further in view Bori and/or Moore.

An order granting reexamination was mailed on February 6, 2011. The order determined

that only Foerster raised a SNQ for claims 1-3, 5-25, and 28-30 because it had teachings relevant

to the method step of tensioning the suture to compress an area of tissue to bone after the

insertion of the second anchor, which is a limitation added by the May 8, 2009 amendment and

**EXHIBIT 10**
**PAGE 160**

Application/Control Number: 90/011,430                                         Page 3
Art Unit: 3993

identified as the reasons for allowance in the prior examination. See page 21 of the request. See,

also page 13 of the order. On February 24, 2011, the patent owner filed a waiver of the

statement under 37 CFR 1.530. This action addresses the patentability of claims 1-3, 5-25, and

28-30 of the '311 patent. Reexamination was not requested or ordered for claims 4, 26, and 27

of the '311 patent.


## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or confirmation

of the claims found patentable in this reexamination proceeding:

The prior art of record fails to anticipate or render obvious a method of attaching soft

tissue to bone comprising inserting a first anchor into bone, wherein the first anchor is positioned

underneath the soft tissue such that no part of the anchor extends beyond an edge of the soft

tissue and inserting a second anchor in combination with all the limitations of claim 1.

The third party requester states that Foerster teaches all the limitations of claim 1 except

for inserting a first anchor into the bone and passing a first length of suture from the first anchor,

Thal '306 teaches the missing limitations of claim 1, and that it would be obvious to combine the

teachings to result in the claimed method. See, e.g., pages 31-44 of the request dated January 11,

2011. Therefore, the third party requester concluded that Foerster in view of Thal '306 renders

obvious independent claim 1 and selected dependent claims of the '311 patent.

The examiner respectfully disagrees. Foerster in view of Thal '306 does not render the

claimed method obvious as alleged by the third party requester. Requester states that the claimed

method is nothing more than a combination of known method steps, wherein each step "…

**EXHIBIT 10**
**PAGE 161**

Application/Control Number: 90/011,430                          Page 4
Art Unit: 3993

merely performs the same function as it does separately." See, e.g., page 39 of the request.
However, the teachings of Foerster, when viewed as a whole, clearly do not support this
conclusion. Foerster clearly discusses methods similar to Thal '306 in the background of the
invention section and states the disadvantages of methods like Thal '306 (e.g., eyelet design that
stresses the sutures, the high level of skill required to properly perform the procedure, no means
for adjusting or measuring suture tension) that his method overcomes. See column 2 line 43 to
column 4 line 53). It is further submitted that use of a first anchor, like shown in Thal '306,
would render Foerster's method inoperable for its intended purpose. Foerster's method requires
that the first length of suture be directly attached to the soft tissue in order to draw the soft issue
towards the anchor (see, e.g., column 5 lines 26-28). If the first length of suture was connected
to a first anchor in the bone beneath the soft tissue, as taught by Thal '306, Foerster's method
would not accomplish its goals because the first length of suture merely passes through the soft
tissue, and therefore, would not be able to draw the soft tissue towards the anchor. In addition,
Foerster's method, as modified by Thal '306, would be incapable of adjusting or measuring
suture tension because the first length of suture is attached to a bone anchor and not the soft
tissue. Therefore, the tension placed on the soft tissue could not be measured or felt by the
surgeon, which is a disadvantage that Foerster sought to overcome. For these reasons, the
examiner disagrees with third party requester that the combination of Foerster and Thal '306
would predictably result in the method of claim 1. In summary, Foerster in view of Thal '306
fails to render obvious the method of claim 1 and dependent claims 2, 3, 5-25, and 28-30 of the
'311 patent.

**EXHIBIT 10**
**PAGE 162**

Application/Control Number: 90/011,430                                     Page 5
Art Unit: 3993

The other references of record (Thal '168, Colleran, Stone, Bori/Moore) will not be specifically addressed because the request did not advanced that these references raise a substantial new question of patentability, or applied these references to the limitations of claim 1.

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

### *Conclusion*

By EFS:      Registered users may submit via the electronic filing system EFS-Web, at
             https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html.

By Mail to:  Mail Stop *Ex Parte* Reexam
             Central Reexamination Unit
             Commissioner for Patents
             United States Patent & Trademark Office
             P.O. Box 1450
             Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900
             Central Reexamination Unit

By hand:     Customer Service Window
             Randolph Building
             401 Dulany Street
             Alexandria, VA 22314

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

**EXHIBIT 10**
**PAGE 163**

Application/Control Number: 90/011,430                                    Page 6
Art Unit: 3993

Any inquiry concerning this communication or earlier communications from the Examiner, or
as to the status of this proceeding, should be directed to the Central Reexamination Unit at
telephone number (571) 272-7705.

Signed:
___/Jeanne M Clark/_____
Jeanne M. Clark
CRU Examiner
GAU 3993
(571) 272-7714

Conferee _____

Conferee _____

EXHIBIT 10
PAGE 164

# EXHIBIT 11

Docket No.: KFX.003RX                                      **Customer No. 20995**

---

## INFORMATION DISCLOSURE STATEMENT

| | | |
|---|---|---|
| pplicant | : | Michael L. Green, et al. |
| Reexam. No. | : | 90/011430 |
| Filed | : | January 11, 2011 |
| For | : | SYSTEM AND METHOD FOR ATTACHING SOFT TISSUE TO BONE |
| Examiner | : | Clark, Jeanne Marie |
| Art Unit | : | 3993 |
| Conf No. | : | 1162 |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

Enclosed for filing in the above-identified re-examination is a PTO/SB/08 Equivalent listing 3 references, of which 3 are enclosed/submitted.

This Information Disclosure Statement is being filed "within two (2) months of the date of the order for reexamination" pursuant to 37 C.F.R. § 1.555. Thus, this submission is timely filed, and no fee is required. Nonetheless, if the Patent Office determines that a fee is required, the Commissioner is authorized to charge any such required fees to Deposit Account No. 11-1410.

Enclosed and listed on the PTO/SB/08 is a Statement of Tate Scott. If the Examiner requires any further information regarding the contents this statement, she is invited to contact the undersigned or request such information pursuant to 37 C.F.R. § 1.105.

**EXHIBIT 11**
**PAGE 165**

**Application No.:**  **90/011430**
**Filing Date:**  **January 11, 2011**

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:   4 −12 −11           By:  Ryan Melnick _____

Ryan E. Melnick
Registration No. 58,621
Attorney of Record
Customer No. 20995
(858) 836-9000

11016647/adk/040611

**EXHIBIT 11**
**PAGE 166**

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 90/011430 |
|---|---|---|
| | Filing Date | January 11, 2011 |
| | First Named Inventor | Michael L. Green, et al. |
| | Art Unit | 3993 |
| *(Multiple sheets used when necessary)* | Examiner | Clark, Jeanne Marie |
| SHEET 1 OF 1 | Attorney Docket No. | KFX.003RX |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document<br>*Country Code-Number-Kind Code*<br>Example: JP 1234567 A1 | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | | | | | | |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 1 | Mazzocca et al., "Arthroscopic Single-Row Versus Double-Row Suture Anchor Rotator Cuff Repair," *The American Journal of Sports Medicine,* 33:1861 (2005). | |
| | 2 | Mazzocca et al., Arthroscopic Single versus Double Row Suture Anchor Rotator Cuff Repair, abstract of presentation made on June 25, 2004 at 2004 Annual Meeting of the American Orthopaedic Society for Sports Medicine in Quebec, Canada, publication date unknown. | |
| | 3 | Statement of Tate Scott, dated April 12, 2011. | |

11016104/adk/040611

| Examiner Signature | Date Considered |
|---|---|
| | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

EXHIBIT 11
PAGE 167

# EXHIBIT 12

Docket No.: KFX.003RX

Customer No. 20995

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Michael L. Green, et al. |
| Re-exam. No. | : | 90/011430 |
| Filed | : | January 11, 2011 |
| For | : | SYSTEM AND METHOD FOR ATTACHING SOFT TISSUE TO BONE |
| Examiner | : | Clark, Jeanne Marie |
| Art Unit | : | 3993 |
| Conf No. | : | 1162 |

### STATEMENT OF TATE SCOTT

Commissioner of Patent
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

I, Tate Scott, declare and state that:

1.      I am CEO of KFx Medical Corp., the assignee of U.S. Patent No. 7,585,311 upon which the above-identified re-examination is based.

2.      An Information Disclosure Statement was filed on January 30, 2007 in the application that issued as U.S. Patent No. 7,585,311. That Information Disclosure Statement included as item #147 an article authored by Peter Millett et al., entitled "Mattress double anchor footprint repair: a novel, arthroscopic rotator cuff repair technique," *Arthroscopy: The Journal of Arthroscopic and Related Surgery*, 20(8):875-879 (2004).

3.      An Information Disclosure Statement is being filed herewith in the above-identified re-examination that includes an abstract of which Peter Millett is a co-author (Mazzocca et al., Arthroscopic Single versus Double Row Suture Anchor Rotator Cuff Repair, abstract of presentation made on June 25, 2004 at 2004 Annual Meeting of the American Orthopaedic Society for Sports Medicine in Quebec, Canada, publication date unknown) and another article of which Peter Millett is a co-author (Mazzocca et al., "Arthroscopic Single-Row Versus Double-

**EXHIBIT 12**
**PAGE 168**

**Application No.:**   90/011430
**Filing Date:**   **January 11, 2011**

Row Suture Anchor Rotator Cuff Repair," *The American Journal of Sports Medicine,* 33:1861 (2005)).

    4.    I had a conversation with Peter Millett during which he told me that the procedures referenced in the 2004 article had been performed in the two years preceding publication of the article.

    5.    He also confirmed that all of the procedures were performed by tying knots as described in the 2004 article.

    6.    I declare that all statements made herein of my knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful statements may jeopardize the validity of the above-identified application and any patents issuing thereon.

Date: *Apr. 1 12, 2011*

*W Tate Scott*

Tate Scott