# EXHIBIT E

## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,430 | 01/11/2011 | 7585311 | | 1162 |

20995          7590          07/15/2011
KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

| EXAMINER | |
|---|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 07/15/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

EXHIBIT E
PAGE 35

KFX0000642

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS
KING & SPALDING
1185 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-4003

Date:

MAILED

JUL 15 2011

CENTRAL REEXAMINATION UNIT

## EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. : 90011430
PATENT NO. : 7585311
ART UNIT : 3993

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

KFX0000643



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

KNOBBE MARTENS OLSON & BEAR LLP        (Patent Owner)          MAILED
2040 MAIN STREET
FOURTEENTH FLOOR                                               JUL 15 2011
IRVINE CA 92614

CENTRAL REEXAMINATION UNIT

KING & SPALDING                          (Third Party Requester)
1185 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-4003

*In re* Green *et al.*                    :
Reexamination Proceeding                  : **DECISION**
Control No.: 90/011,430                   : **ON PETITION**
Filed: January 11, 2011                   : **UNDER 37 CFR 1.182**
For: U.S. Patent No.: 7,585,311           :
                                          :

This is a decision on the April 28, 2011 patent owner petition under 37 CFR 1.182 to enter, and
to have the examiner consider, patent owner's information disclosure statement (IDS) filed after
the termination of the prosecution in this reexamination proceeding.

The petition is before the Office of Patent Legal Administration for decision.

The petition is <u>dismissed</u> for the reasons set forth below.

**Thus, the IDS filed on April 12, 2011 and again on April 28, 2011, has not been entered for
consideration by the examiner.**

## BACKGROUND

1. On September 8, 2009, the Office issued U.S. Patent No. 5,585,311, to Green *et al.* (the '311
   patent).

2. On January 11, 2011, a third party requester filed a request for *ex parte* reexamination of the
   '311 patent. The request was assigned reexamination proceeding control number
   90/011,430 (the '11430 proceeding).

3. On February 16, 2011, the Office issued an order granting reexamination for the '11430
   reexamination proceeding.

4. On February 24, 2011, patent owner filed a waiver of right to file a patent owner statement.

5. On March 28, 2011, the Office issued a Notice of Intent to Issue a Reexamination Certificate
   (NIRC) for the '11430 proceeding.

**EXHIBIT E
PAGE 37**

KFX0000644

-2-

6. On April 1, 2011, the '11430 proceeding entered the printing cycle and designated 452 status.

7. On April 12, 2011, patent owner submitted an IDS without a petition.

8. On April 28, 2011, patent owner filed the instant petition accompanied by the same IDS filed on April 12, 2011, which patent owner requests the Office to consider.

9. The '11430 reexamination proceeding is in the final phase of the publication process for printing the reexamination certificate (*i.e.* it is in the printing cycle).

## RELEVANT LAW AND PROCEDURE

### 35 U.S.C. 305  states (in pertinent part):

... All reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, will be conducted with **special dispatch** within the Office. [Emphasis added.]

### 37 CFR 1.97 states (in pertinent part):

(a) In order for an applicant for a patent or for a reissue of a patent to have an information disclosure statement in compliance with § 1.98 considered by the Office during the pendency of the application, the information disclosure statement must satisfy one of paragraphs (b), (c), or (d) of this section.

(b) An information disclosure statement *shall* be considered by the Office if filed by the applicant within any one of the following time periods:

(1) Within three months of the filing date of a national application other than a continued prosecution application under § 1.53(d);

(2) Within three months of the date of entry of the national stage as set forth in § 1.491 in an international application;

(3) Before the mailing of a first Office action on the merits; or

(4) Before the mailing of a first Office action after the filing of a request for continued examination under § 1.114.

### 37 C.F.R. 1.555(a) states (in pertinent part):

. . . Any information disclosure statement must be filed with the items listed in § 1.98(a) as applied to individuals associated with the patent owner in a reexamination proceeding, and *should* be filed within two months of the date of the order for reexamination, *or as soon thereafter as possible.*[Emphasis added]

### MPEP 2256 states (in pertinent part):

.....Once the NIRC has been mailed, the reexamination proceeding must proceed to publication of the Reexamination Certificate as soon as possible. **Thus, when the patent owner provides a submission of patents and printed publications, or other information described in 37 CFR 1.98(a), after the NIRC has been mailed, the submission must be accompanied by (A) a factual accounting providing a sufficient explanation of why the information submitted could not have been submitted earlier, and (B) an explanation of the relevance of the information submitted with respect to the claimed invention in the reexamination proceeding.** This is provided via a petition under 37 CFR 1.182 (with petition fee) for entry and consideration of the information submitted after NIRC. The requirement in item (B) above is for the purpose of facilitating the Office's compliance with the statutory requirement for "special dispatch," when the requirement in item (A) above is satisfied to provide a basis for interrupting the proceeding after the NIRC.

Once the reexamination has entered the Reexamination Certificate publication process, pulling the proceeding from that process provides an even greater measure of delay. 37 CFR 1.313 states for an application (emphasis added):

"(c) Once the issue fee has been paid, **the application will not be withdrawn from issue upon petition by the applicant for any reason except:**
(1) Unpatentability of one of more claims, which petition must be accompanied by an unequivocal statement that one or more claims are unpatentable, an amendment to such claim or claims, and an explanation as to how the amendment causes such claim or claims to be patentable;"

          KFX0000645

The publication process for an application occurs after the payment of the issue fee (there is no issue fee in reexamination), and thus 37 CFR 1.313(c) applies during the publication cycle for an application. Based on the statutory requirement for "special dispatch," the requirements for withdrawal of a reexamination proceeding from its publication cycle are at least as burdensome as those set forth in 37 CFR 1.313(b) and (c). **Accordingly, where a submission of patents and printed publications, or other information described in 37 CFR 1.98(a), is made while a proceeding is in its publication cycle, the patent owner must provide an unequivocal statement as to why the art submitted makes at least one claim unpatentable, an amendment to such claim or claims, and an explanation as to how the amendment causes such claim or claims to be patentable. This is in addition to the** above-discussed (A) a factual accounting providing a sufficient explanation of why the information submitted could not have been submitted earlier. The submission of patents and printed publications must be accompanied by a petition under 37 CFR 1.182 (with petition fee) for withdrawal of the reexamination proceeding from the publication process for entry and consideration of the information submitted by patent owner. A grantable petition must provide the requisite showing discussed in this paragraph. [Emphasis added]

### MPEP 2280 states (in pertinent part):

. . . Such individuals are *strongly encouraged* to file information disclosure statements in accordance with 37 CFR 1.98, within two months of the date of the order to reexamine, *or as soon thereafter as possible*, in order to bring the patents or printed publications to the attention of the Office.

### DECISION

There is no issue fee in reexamination, and the present reexamination proceeding has entered the final phase of the publication process (the "printing cycle"). In a reexamination proceeding, there is no withdrawal under 37 CFR 1.313 of the proceeding from the publication process for consideration of an Information Disclosure Statement (IDS), because 37 CFR 1.313(a) applies to applications, and not to reexamination proceedings. Accordingly, in this instance, the petition for withdrawal of the present proceeding from the publication process, for consideration of the accompanying IDS papers, has been filed under 37 CFR 1.182.

While there is no regulatory provision for withdrawal of a reexamination proceeding from the publication process for consideration of an IDS, the policy for withdrawal from the publication process, after the NIRC has been mailed but before the proceeding has actually entered the printing cycle, is explicitly set forth in MPEP 2256 as follows:

...Once the NIRC has been mailed, the reexamination proceeding must proceed to publication of the Reexamination Certificate as soon as possible. Thus, when the patent owner provides a submission of patents and printed publications, or other information described in 37 CFR 1.98(a), after the NIRC has been mailed, the submission must be accompanied by **(A) a factual accounting providing a sufficient explanation of why the information submitted could not have been submitted earlier, and (B) an explanation of the relevance of the information submitted with respect to the claimed invention in the reexamination proceeding.** This is provided via a petition under 37 CFR 1.182 (with petition fee) for entry and consideration of the information submitted after NIRC. The requirement in item (B) above is for the purpose of facilitating the Office's compliance with the statutory requirement for "special dispatch," when the requirement in item (A) above is satisfied to provide a basis for interrupting the proceeding after the NIRC.

The requirements of 37 CFR 1.313 for withdrawal of an application from the printing cycle (after the issue fee has been paid) have historically been applied, in an analogous manner, to requests for withdrawal of reexamination proceedings from the printing cycle. This policy is explicitly set forth in MPEP 2256 as follows:

... The publication process for an application occurs after the payment of the issue fee (there is no issue fee in reexamination), and thus 37 CFR 1.313(c) applies during the publication cycle for an application. Based on the statutory requirement for "special dispatch," the requirements for withdrawal of a reexamination proceeding from its publication cycle are at least as burdensome as those set forth in 37 CFR 1.313(b) and (c). **Accordingly, where a submission of patents and printed publications, or other information described in 37 CFR 1.98(a), is made while a proceeding is in its publication cycle, the patent owner must provide an unequivocal statement as to why the art submitted makes at least one claim unpatentable, an amendment to such claim or claims, and an explanation as to how the amendment causes such claim or claims to be patentable. This is in addition to the** above-discussed

**EXHIBIT E**
**PAGE 39**         KFX0000646

-4-

(A) a factual accounting providing a sufficient explanation of why the information submitted could not have been submitted earlier. The submission of patents and printed publications must be accompanied by a petition under 37 CFR 1.182 (with petition fee) for withdrawal of the reexamination proceeding from the publication process for entry and consideration of the information submitted by patent owner. A grantable petition must provide the requisite showing discussed in this paragraph. (Emphasis added)

In the present instance, the fact situation fails to satisfy the grounds for the entry of information after issuance of a NIRC and the proceeding has entered the printing cycle. The instant petition was filed very late in the reexamination proceeding, and it fails to provide any statement as to why the submitted IDS items of information (art citations) make at least one claim unpatentable. Nor has patent owner filed an amendment to the claim or claims with an explanation as to how the amendment causes such claim or claims to be patentable. Contrary to the explanation of requirements for entry and consideration of an IDS after NIRC, patent owner states the information submitted does not render any claim unpatentable.[1] Furthermore, there is no factual accounting providing a sufficient explanation as to why the information submitted could not have been submitted earlier in the reexamination proceeding. There is no showing as to when patent owner first became aware of the existence of the items of information now being submitted, and no explanation as to why the information could not have been submitted earlier. In light of this lack of a factual accounting as to why the information could not been submitted earlier, in addition to the lack of any amendment with the requisite explanation, petitioner has not satisfied the requirements for consideration of information submitted after NIRC when a proceeding has entered the print cycle. Therefore, the present petition does not satisfy the requirements for a petition submitted for considered of IDS after a NIRC has been mailed and the proceeding has entered the print cycle.

For *ex parte* reexamination, 35 U.S.C. 305 provides that all *ex parte* reexamination proceedings "will be conducted with special dispatch within the Office." It is required that the withdrawal criteria of 37 CFR 1.313(c) be complied with for an application, in which there is no statutory provision for special dispatch, and such criteria must certainly be complied with for a reexamination proceeding *where there is a statutory mandate for special dispatch.* This is explicitly set forth in the MPEP, as set forth above.

A review of the record shows that the examiner terminated prosecution on the merits by issuing a NIRC on March 28, 2011, and the proceeding has now entered the final stages of the publication process, *i.e.* the print cycle, as evidenced by the proceeding's 452 status. The proceeding is clearly not scheduled to come up for further action on the merits. In order to provide the requested relief, the present proceeding would need to be withdrawn from the publication process, thus significantly regressing the processing of the proceeding. This would run contrary to the statutory requirement of 35 U.S.C. 305 that "[a]ll reexamination proceedings under this section...will be conducted with special dispatch within the Office." The statutory mandate of special dispatch is based upon the public interest in providing certainty and finality as to the question of patentability raised by a request for reexamination. In view of the submission of the IDS information after termination of the prosecution in this reexamination proceeding, the failure explain why it could not have been submitted earlier, the failure to identify a question of patentability of the claims, and the failure to provide the requisite discussion (explanation) of the submitted art citations, the present reexamination proceeding will not be reopened at this late date to consider the proffered IDS papers.

---

[1] See petition at page 2.

**EXHIBIT E
PAGE 40**                    KFX0000647

-5-

**Patent Owner Argument:**

In this instance, the patent owner is arguing that the prior waiver for filing a 37 CFR 1.530 statement entitles patent owner to entry of the materials at issue, because waiver of the patent owner statement permitted issuance of a NIRC closing prosecution in less than two months from the date the Office issues an order granting reexamination. However, that argument does not change the fact that, in order to provide the requested relief, the present proceeding would need to be withdrawn from the publication process, thus significantly regressing the processing of the proceeding, which would run contrary to the statutory requirement of 35 U.S.C. 305 for special dispatch in reexamination. A patent owner that waives 37 CFR 1.530 is on notice via MPEP 2256 that if a NIRC issues, patent owner must provide the requisite showing to obtain consideration of a post NIRC IDS submission. Thus, by waiving the 37 CFR 1.530 statement patent owner assumed the risk that a NIRC closing prosecution may issue in under two months from the order date, which could affect the entry right for information.

The patent owner also argues that 37 CFR 1.555(a) does not provide an entry time period for IDS submissions in reexamination proceedings, as compared to 37 CFR 1.97 for applications. However, in view of the statutory requirement of 35 U.S.C. 305 for special dispatch in reexamination, there is no provision in the rules providing for entry of an IDS after a NIRC closes prosecution. A patent owner may resort to 37 CFR 1.182; however § 1.182 provides:

> All situations not specifically provided for in the regulations of this part will be decided in accordance with the merits of each situation by or under the authority of the Director, **subject to such other requirements as may be imposed**...(emphasis added)

In this instance, "such other requirements as may be imposed" are the MPEP 2256 requirements for the showing which patent owner must successfully provide in order to obtain consideration of a post NIRC IDS submission.

As a final point, *Hicks v. Costello*, 1903 Dec. Comm'r Pat 123, 125 (1903), addressing old Rule 213 directed to cases not specifically provided for in the rules, provided that such relief is not a mechanism for avoiding the requirements of the established rules and procedures, and is available only in extraordinary circumstances. If the patent owner in fact believes that one or more references submitted raises a substantial question of patentability as to at least one claim of the patent *different* than raised in this proceeding, the patent owner can always obtain relief via the rules by filing a new request for reexamination for consideration of such reference(s).

In view of all of the above, the petition is dismissed as to the request for consideration of the IDS papers. The proceeding will not be withdrawn from the publication process. The IDS submitted by patent owner will be placed in the file, and will remain of record. However, since prosecution has been terminated for this reexamination proceeding, the IDS will not be considered by the examiner.

In view of the above, the petition is dismissed.

## CONCLUSION

1. The petition is dismissed as to the request to consider the IDS filed on April 28, 2011.

**EXHIBIT E**
**PAGE 41**

KFX0000648

2. The IDS papers have not been entered for consideration by the examiner. A copy of the IDS submission will, however, be placed in the electronic file for the proceeding.

3. The present proceeding will continue in the publication process, toward issuance of a reexamination certificate.

4. Telephone inquiries related to this decision should be directed to Joseph F. Weiss, Jr., Legal Advisor, at (571) 272-7759.

/Kenneth M. Schor/

Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration

**EXHIBIT E**
**PAGE 42**

KFX0000649