| | |
|---|---|
| 1 | Lawrence R. LaPorte (State Bar No. 130003) |
| 2 | LaPorteL@dicksteinshapiro.com |
|   | DICKSTEIN SHAPIRO LLP |
| 3 | 2049 Century Park East, Suite 700 |
|   | Los Angeles, CA 90067-3109 |
| 4 | Telephone: (310) 772-8300 |
| 5 | |
|   | Charles W. Saber, admitted pro hac vice |
| 6 | SaberC@dicksteinshapiro.com |
| 7 | Salvatore P. Tamburo, admitted pro hac vice |
|   | TamburoS@dicksteinshapiro.com |
| 8 | Megan S. Woodworth, admitted pro hac vice |
| 9 | WoodworthM@dicksteinshapiro.com |
|   | S. Gregory Herrman, admitted pro hac vice |
| 10 | HerrmanG@dicksteinshapiro.com |
| 11 | DICKSTEIN SHAPIRO LLP |
|    | 1825 Eye Street, NW |
| 12 | Washington, DC 20006-5403 |
| 13 | Telephone: (202) 420-2200 |
| 14 | |
|    | Attorneys for Defendant |
| 15 | Arthrex, Inc. |

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KFX MEDICAL CORP. | | Case No. 3:11-cv-1698 |
| | Plaintiff and Counterdefendant, | **Hon. Dana M. Sabraw** |
| vs. | | **DECLARATION OF CHARLES W. SABER IN SUPPORT OF DEFENDANT ARTHREX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT IN CONNECTION WITH U.S. PATENT NOS. 8,100,942 & 8,109,969** |
| ARTHREX, INC. | | |
| | Defendant and Counterclaimant. | |

DICKSTEIN
SHAPIRO LLP

I, Charles W. Saber, declare and state as follows:

1. I am a partner in the law firm of Dickstein Shapiro LLP, and I am counsel of record for Arthrex, Inc. ("Arthrex") in this action. I submit this Declaration in Support of Defendant Arthrex's Opposition to Plaintiff's Motion for Summary Judgment of No Inequitable Conduct In Connection With U.S. Patent Nos. 8,100,942 & 8,109,969.

2. The following statements are based on my personal knowledge.

3. Attached hereto as Exhibit 1 is a true and correct copy of the statement of Tate Scott for United States Patent Reexamination No. 90/011430, dated April 12, 2011.

4. Attached hereto as Exhibit 2 is a true and correct copy of an article by Peter J. Millett, Augustus Mazzocca & Carlos A. Guanche. "Mattress Double anchor Footprint Repair: A Novel, Arthroscopic Rotator Cuff Repair Technique." *Arthroscopy: The Journal of Arthroscopic and Related Surgery*, Vol. 20, No.8, October 2004: 875-79 (Defendant's Deposition Exhibit, "DDX" 071).

5. Attached hereto as Exhibit 3 is a true and correct copy of U.S. Patent No. 5,891,168, dated April 6, 1999 (DDX 104).

6. Attached hereto as Exhibit 4 is a true and correct copy of U.S. Patent No. 5,634,926, dated June 3, 1997 (DDX 106).

7. Attached hereto as Exhibit 5 is a true and correct copy of U.S. Patent No. 8,100,942, dated January 24, 2012 (DDX 010).

8. Attached hereto as Exhibit 6 is a true and correct copy of excerpts of the expert invalidity report of Jonathan E. Greenleaf, M.D., dated February 21, 2013.

9. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the rebuttal expert report of Jonathan B. Ticker, M.D., dated April 1, 2013 (DDX 161), FILED UNDER SEAL.

10. Attached hereto as Exhibit 8 is a true and correct copy of the Declaration of Tate Scott in Support of KFx's Motion for Summary Judgment of No Inequitable Conduct in Connection with U.S. Patent No. 7,585,311, dated July 11, 2012.

11. Attached hereto as Exhibit 9 is a true and correct copy of the Related Applications excerpt from the Application for United States Patent Application No. 11/143,007, dated June 1, 2005.

12. Attached hereto as Exhibit 10 is a true and correct copy of an Office Action for United States Patent Application No. 11/143,007, dated December 23, 2008.

13. Attached hereto as Exhibit 11 is a true and correct copy of an Office Action for United States Patent Application No. 11/143,007, dated April 30, 2009.

14. Attached hereto as Exhibit 12 is a true and correct copy of an Amendment for United States Patent Application No. 11/143,007, dated May 8, 2009.

15. Attached hereto as Exhibit 13 is a true and correct copy of the Notice of Allowability for United States Patent Application No. 11/143,007, dated June 17, 2009.

16. Attached hereto as Exhibit 14 is a true and correct copy of the Petition to have an Information Disclosure Statement considered for United States Patent Reexamination No. 90/011430, dated April 28, 2011.

17. Attached hereto as Exhibit 15 is a true and correct copy of the Decision to have an Information Disclosure Statement considered for United States Patent Reexamination No. 90/011430, dated July 15, 2011.

18. Attached hereto as Exhibit 16 is a true and correct copy of an Information Disclosure Statement for United States Patent Application No. 13/245620, dated December 1, 2011.

19. Attached hereto as Exhibit 17 is a true and correct copy of an Information Disclosure Statement for United States Patent Application No. 13/245622, dated December 1, 2011.

20. Attached hereto as Exhibit 18 is a true and correct copy of excerpts of the deposition transcript of Ryan E. Melnick, Ph.D., dated December 4, 2012, FILED UNDER SEAL.

21. Attached hereto as Exhibit 19 is a true and correct copy of a Request for First Action Interview for United States Patent Application No. 13/245620.

22. Attached hereto as Exhibit 20 is a true and correct copy of a Request for First Action Interview for United States Patent Application No. 13/245622.

23. Attached hereto as Exhibit 21 is a true and correct copy of the Applicant-Initiated Interview Summary for United States Patent Application No. 13/245620, dated December 2, 2011.

24. Attached hereto as Exhibit 22 is a true and correct copy of the Applicant-Initiated Interview Summary for United States Patent Application No. 13/245622, dated December 2, 2011.

25. Attached hereto as Exhibit 23 is a true and correct copy of the Notice of Allowability for United States Patent Application No. 13/245620, dated December 2, 2011.

26. Attached hereto as Exhibit 24 is a true and correct copy of the Notice of Allowability for United States Patent Application No. 13/245622, dated December 2, 2011.

27. Attached hereto as Exhibit 25 is a true and correct copy of U.S. Patent No. 8,109,969, dated February 7, 2012 (DDX 011).

28. Attached hereto as Exhibit 26 is a true and correct copy of the Application Data Sheet for United States Patent Application No. 13/245622, dated September 26, 2011.

29. Attached hereto as Exhibit 27 is a true and correct copy of KFx's Preliminary Infringement Contentions as to Newly Asserted Patent Nos. 8,100,942 and 8,109,969, dated April 9, 2012.

30. Attached hereto as Exhibit 28 is a true and correct copy of the Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Defendant's Counterclaim, dated August 15, 2012 (ECF No. 49).

31. Attached hereto as Exhibit 29 is a true and correct copy of Arthrex's Objections and Responses to KFx's Third Set of Interrogatories (No. 7), dated June 4, 2012.

32. Attached hereto as Exhibit 30 is a true and correct copy of U.S. Patent Application Publication No. 2006/0079904, dated April 13, 2006 and U.S. Provisional Application No. 60/617640, dated October 13, 2004.

Dated: June 14, 2013   By: /s/Charles W. Saber

Charles W. Saber
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
SaberC@dicksteinshapiro.com

Attorney for Defendant/Counterclaimant Arthrex, Inc.

# TABLE OF EXHIBITS

**Exhibit No.** ......................................................................................**Page No.**

Exhibit 1 ..............................................................................................................1

Exhibit 2 ..............................................................................................................3

Exhibit 3 ..............................................................................................................8

Exhibit 4 ............................................................................................................15

Exhibit 5 ............................................................................................................28

Exhibit 6 ............................................................................................................63

Exhibit 7, FILED UNDER SEAL ....................................................................69

Exhibit 8 ............................................................................................................77

Exhibit 9 ............................................................................................................86

Exhibit 10 ..........................................................................................................87

Exhibit 11 ..........................................................................................................96

Exhibit 12 ........................................................................................................106

Exhibit 13 ........................................................................................................115

Exhibit 14 ........................................................................................................119

Exhibit 15 ........................................................................................................121

Exhibit 16 ........................................................................................................129

Exhibit 17 ........................................................................................................137

Exhibit 18, FILED UNDER SEAL ................................................................145

Exhibit 19 ........................................................................................................155

| | |
|---|---:|
| Exhibit 20 | 156 |
| Exhibit 21 | 157 |
| Exhibit 22 | 158 |
| Exhibit 23 | 159 |
| Exhibit 24 | 163 |
| Exhibit 25 | 167 |
| Exhibit 26 | 202 |
| Exhibit 27 | 206 |
| Exhibit 28 | 214 |
| Exhibit 29 | 223 |
| Exhibit 30 | 235 |