1   Joseph F. Jennings (State Bar No. 145,920)
2   joe.jennings@knobbe.com
    KNOBBE, MARTENS, OLSON & BEAR, LLP
3   2040 Main Street, Fourteenth Floor
    Irvine, CA 92614
4   Phone: (949) 760-0404
    Facsimile: (949) 760-9502
5
6   Attorneys for Plaintiff
    KFx Medical Corporation
7
    Charles W. Saber, admitted *pro hac vice*
8   SaberC@dicksteinshapiro.com
    DICKSTEIN SHAPIRO LLP
9   1825 Eye Street NW
    Washington, DC 20006
10  Phone: (202) 420-2200
11
    Attorneys for Defendant/Counterclaimant
12  ARTHREX, INC.
13  [See next page for complete list of counsel]
14
15              IN THE UNITED STATES DISTRICT COURT
16            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18  KFX MEDICAL CORPORATION, a    )  Case no. 11cv1698 DMS (BLM)
    Delaware corporation,          )
19                                 )  **PRETRIAL ORDER**
                                   )
20        Plaintiff and Counterdefendant,  )
                                   )  Trial Date: August 19, 2013
21        v.                       )  Time:        9:00 A.M.
                                   )  Courtroom 13A
22  ARTHREX, INCORPORATED, a       )
    Delaware corporation,          )  Honorable Dana M. Sabraw
23                                 )
          Defendant and Counterclaimant.  )
24                                 )
25
26
27
28

Brian Horne (State Bar No. 205,621)
brian.horne@knobbe.com
Sean M. Murray (State Bar No. 213,655)
sean.murray@knobbe.com
Sarah Lampton (State Bar No. 282,404)
sarah.lampton@knobbe.com
Marissa Calcagno (State Bar No. 279,783)
marissa.calcagno@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
KFx Medical Corporation

Robert W. Dickerson
DickersonR@dicksteinshapiro.com
Lawrence La Porte
LaporteL@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
T:  310-772-8300

Salvatore P. Tamburo, admitted *pro hac vice*
TamburoS@dicksteinshapiro.com
Megan S. Woodworth, admitted *pro hac vice*
WoodworthM@dicksteinshapiro.com
S. Gregory Herrman, admitted *pro hac vice*
HerrmanG@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Phone:  (202) 420-2200

Attorneys for Defendant/Counterclaimant
ARTHREX, INC.

1  Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil
2  Local Rule 16.1.f.6, **IT IS SO ORDERED**:

3  ### I.   NATURE OF ACTION

4  This is an action for patent infringement under 35 U.S.C. § 271.  Plaintiff
5  KFx Medical Corporation ("KFx") alleges that Defendant Arthrex, Inc.
6  ("Arthrex") has infringed U.S. Patent Nos. 7,585,311 ("the '311 patent"),
7  8,100,942 ("the '942 patent"), and 8,109,969 ("the '969 patent") (collectively,
8  "the KFx patents").

9  KFx is a Delaware corporation with a principal place of business at 5845
10 Avenida Encinas, Carlsbad, California 92008.

11 Arthrex is a Delaware corporation with a principal place of business at
12 1370 Creekside Blvd., Naples, Florida 34108.

13 KFx alleges that Arthrex has actively induced and contributed to the
14 infringement of the KFx patents through the marketing and promotion of
15 Arthrex's SutureBridge™ double-row rotator cuff repair technique
16 ("SutureBridge") and SpeedBridge™ double-row rotator cuff repair technique
17 ("SpeedBridge").  KFx further alleges that Arthrex's infringement is and has
18 been willful.  KFx seeks damages for Arthrex's infringement in the form of a
19 reasonable royalty, and trebling of those damages due to Arthrex's willful
20 infringement, as well as its costs and pre- and post-judgment interest as
21 provided for by 35 U.S.C. § 284.  KFx further seeks a permanent injunction
22 against Arthrex under 35 U.S.C. § 283 and recovery of KFx's attorneys' fees
23 under 35 U.S.C. § 285.

24 Arthrex contends that the asserted claims of the KFx patents have not
25 been directly infringed.  Even if there was direct infringement, Arthrex contends
26 that KFx cannot show that Arthrex indirectly infringed the KFx patents (either
27 by inducement or contributory infringement).  Arthrex also contends that the
28 asserted claims of the KFx patents are invalid as anticipated by and/or obvious

over the prior art, and for failing to comply with the written description, enablement, and/or best mode requirements.  Arthrex denies that it has willfully infringed any of the KFx patents and that KFx is entitled to any of the relief it seeks.  Arthrex also seeks recovery of its costs and expenses, as well as its attorneys' fees.

The pleadings that raise the issues are as follows:

- KFx's First Amended Complaint for Patent Infringement (D.I. 27);
- [Arthrex's] Answer to [KFx's] First Amended Complaint for Patent Infringement and Counterclaims (D.I. 28); and
- [KFx's] Reply to Counterclaims to First Amended Complaint (D.I. 55).

## II.  <u>JURISDICTION AND VENUE</u>

This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has personal jurisdiction over the parties and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## III.  <u>ADMITTED FACTS</u>

The following facts are admitted and require no proof:

1.     Jurisdiction and venue are proper.

2.     The '311 patent issued on September 8, 2009.

3.     KFx filed this lawsuit alleging infringement of the '311 patent on August 1, 2011.

4.     The Reexamination Certificate for the '311 patent issued on September 13, 2011.

5.     The '942 patent issued on January 24, 2012.

6.     The '969 patent issued on February 7, 2012.

7.     KFx filed an amended complaint adding the '942 and '969 patents

to this lawsuit on April 3, 2012.

8.     KFx is the owner by assignment of the KFx patents.

9.     The asserted claims of the '311 and '942 patents are entitled to an effective patent filing date of September 17, 2004.

10.    The asserted claims of the '969 patent are entitled to an effective patent filing date of June 1, 2005.

11.    U.S. Patent No. 5,891,168 to Thal was filed on October 1, 1997, issued on April 6, 1999 and is prior art to the KFx patents.

12.    U.S. Patent No. 6,544,281 to ElAttrache et al. was filed on June 22, 2001, issued on April 8, 2003 and is prior art to the KFx patents.

13.    U.S. Patent No. 5,584,835 to Greenfield was filed on September 8, 1994, issued on December 17, 1996 and is prior art to the KFx patents.

14.    U.S. Patent No. 7,329,272 to Burkhart et al. was filed on April 3, 2003, issued on February 12, 2008 and is prior art to the KFx patents.

15.    U.S. Patent No. 5,634,926 to Jobe was filed on April 25, 1995, issued on June 3, 1997 and is prior art to the KFx patents.

## IV.  RESERVATIONS

The parties have no reservations as to the facts recited in section III above.

## V.  FACTS NOT ADMITTED, BUT UNCONTESTED AT TRIAL

None.

## VI.  ISSUES OF FACT FOR TRIAL

The following issues of fact, and no others, remain to be litigated upon the trial:

**A.     Plaintiff KFx's Claims Against Defendant Arthrex**

KFx's claims against Arthrex are for induced infringement and contributory infringement of the KFx patents, and that Arthrex's infringement was willful.  KFx seeks damages in the form of a reasonable royalty, together

with interest, enhanced damages for willful infringement, and an injunction. KFx must prove each element of its claims according to the burdens set forth below, and all issues of fact relevant to KFx's claims remain to be litigated at trial.

### 1.   **Induced Infringement**

a.     Whether KFx has proved by a preponderance of the evidence that Arthrex actively induced infringement of claims 1, 14, 20, 24, 28, and 29 of the '311 patent, claims 1, 10, and 18 of the '942 patent, and claims 1, 3, and 4 of the '969 patent by virtue of the SutureBridge procedure, either literally or under the doctrine of equivalents (for those limitations for which doctrine of equivalents is asserted by KFx) by establishing that Arthrex knowingly induced the infringing acts.  This requires that KFx prove by a preponderance of the evidence that Arthrex had actual knowledge of – or willful blindness to – (1) the KFx patents and (2) that the induced acts constitute infringement of the KFx patents.

b.     Whether KFx has proved by a preponderance of the evidence that Arthrex actively induced infringement of claims 1, 14, 20, 24, 28, and 29 of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1, 3, and 4 of the '969 patent by virtue of the SpeedBridge procedures, either literally or under the doctrine of equivalents (for those limitations for which doctrine of equivalents is asserted by KFx) by establishing that Arthrex knowingly induced the infringing acts.  This requires that KFx prove by a preponderance of the evidence that Arthrex had actual knowledge of – or willful blindness to – (1) the KFx patents and (2) that the induced acts constitute infringement of the KFx patents.

### 2.   **Contributory Infringement**

a.     Whether KFx has proved by a preponderance of the evidence that Arthrex contributed to the infringement, either literal or under the doctrine of

equivalents (for those limitations for which doctrine of equivalents is asserted by KFx), of claims 1, 14, 20, 24, 28, and 29 of the '311 patent, claims 1, 10, and 18 of the '942 patent, and claims 1, 3, and 4 of the '969 patent by making, selling or offering to sell SutureBridge kits by establishing that the SutureBridge kits are material to practicing the invention, are not staple articles of commerce capable of substantial non-infringing uses, and are known by Arthrex to be especially made or especially adapted for use in an infringing manner.

b.     Whether KFx has proved by a preponderance of the evidence that Arthrex contributed to infringement, either literal or under the doctrine of equivalents (for those limitations for which doctrine of equivalents is asserted by KFx), of claims 1, 14, 20, 24, 28, and 29of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1, 3, and 4 of the '969 patent by making, selling or offering to sell SpeedBridge kits by establishing that the SpeedBridge kits are material to practicing the invention, are not staple articles of commerce capable of substantial non-infringing uses, and are known by Arthrex to be especially made or especially adapted for use in an infringing manner.

### 3.     <u>Willfulness</u>

Whether Arthrex acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, the objective prong.  Arthrex maintains this objective prong is a legal threshold issue and prefers for the Court alone to decide the issue before the jury considers the second prong.  KFx maintains the ultimate decision on the objective prong is for the Court and may be informed by underlying facts as determined by the jury.  If the Court determines that KFx showed by clear and convincing evidence that Arthrex acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, whether KFx has proved by clear and convincing evidence that such objectively-defined risk was either known or so obvious that it should have been known to the accused infringer.  Arthrex prefers that the

1   Court decide the objective prong before submitting the subjective prong to the

2   jury.  KFx maintains the Court need not decide the objective prong before

3   submitting the subjective prong to the jury.

4       **4.**    **Damages**

5       Whether KFx is entitled to damages for Arthrex's infringement of the

6   KFx patents and, if so, the amount of such damages that KFx has proved by a

7   preponderance of the evidence.  Arthrex has provided sales information that

8   allows calculation of damages through June 2013.  The parties agree that the

9   Court may provide an accounting for damages for the period from July 2013

10  through the date of final judgment.

11  **B.**    **Defendant Arthrex's Defenses**

12      Arthrex asserts various affirmative defenses as set forth below.  Arthrex

13  must prove each element of its affirmative defenses according to the burdens set

14  forth below, and all issues of fact relevant to Arthrex's defenses set forth below

15  remain to be litigated at trial.

16      **1.**    **Patent Invalidity - Anticipation**

17      Whether Arthrex has proved by clear and convincing evidence that work

18  performed by Arthrex and/or Dr. ElAttrache includes at least one single prior art

19  reference that qualifies as prior art under 35 U.S.C. § 102 and discloses every

20  limitation of one or more of the asserted KFx claims, including:

21      a.  whether Arthrex has proved by clear and convincing evidence that the

22            invention was known or used by others in this country, or patented or

23            described in a printed publication in this or a foreign country, before

24            the invention thereof by KFx;

25      b.  whether Arthrex has proved by clear and convincing evidence that the

26            invention was patented or described in a printed publication in this or a

27            foreign country or in public use or on sale in this country more than

28            one year prior to the effective filing date of the KFx patent claim(s);

c.  whether Arthrex has proved by clear and convincing evidence that the invention was described in (1) an application for patent by another that was published under 35 U.S.C. §122(b) and filed in the United States before the invention by KFx, or (2) a patent granted on an application for patent by another filed in United States before the invention by KFx;

d.  whether Arthrex has proved by clear and convincing evidence that the named inventors did not invent the subject matter sought to be patented;[1]

e.  whether Arthrex has proved by clear and convincing evidence that, before KFx's invention, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it.

## 2.    Patent Invalidity - Obviousness

Whether Arthrex has proved by clear and convincing evidence that the asserted claims of the KFx patents would have been obvious to a person of ordinary skill in the art at the time the invention was made in view of the scope and content of the prior art, the differences between the invention of the asserted claims and the prior art, the level of ordinary skill in the art at the time, and the objective evidence of nonobviousness.  Arthrex maintains that its obviousness defense is set forth in the expert reports of Dr. Jonathan Greenleaf and/or Dr. Robert Piziali.  The ultimate conclusion of obviousness is a question of law for the Court.

/ / /

---

[1] KFx maintains that this issue should not be tried because it was not raised by Arthrex as a defense in its invalidity contentions.  In any event, any error in the listing of inventors does not invalidate the patents and is correctible by the Court under 35 U.S.C. §256. Arthrex responds that because the inventorship of the '311 and '942 patents is incorrect, they are invalid under 35 U.S.C. § 102(f).

### 3.     **Patent Invalidity – Written Description**

Whether Arthrex has proved by clear and convincing evidence that the following asserted claims of the KFx patents are not supported by an adequate written description:   claim 24 of the '311 patent and all asserted claims of the '969 patent.

### 4.     **Patent Invalidity – Enablement**

Whether Arthrex has proved by clear and convincing evidence that the patent specification does not enable one of ordinary skill in the art to make and use the invention of the following claims without undue experimentation:   claim 24 of the '311 patent and all asserted claims of the '969 patent.

### 5.     **Patent Invalidity – Best Mode**

Whether Arthrex has proved by clear and convincing evidence that the patent specification does not include the best mode contemplated by the inventors for carrying out the invention of the following claims:   claim 24 of the '311 patent and all asserted claims of the '969 patent.

### 6.     **Inventorship of the '311 and '942 patents**

Whether the '311 and '942 patents list the correct inventors.[2]

## C.     **Defendant Arthrex's Claims Against Plaintiff KFx**

Arthrex's counterclaims against KFx are for a declaratory judgment regarding the defenses set forth above.  Arthrex must prove each element of its counterclaims with the burdens set forth above, and all issues of fact relevant to Arthrex's counterclaims remain to be litigated at trial.

## VII.  **EXHIBIT LIST**

A list of the exhibits to be offered at trial, together with objections, are submitted herewith.  The parties are working to narrow the trial exhibit issues.  Attachment A is a list of KFx's exhibits and Arthrex's objections thereto.

---

[2] See footnote 1 above.

1    Attachment B is a list of Arthrex's exhibits and KFx's objections thereto.

2          Legible photocopies of documents may be offered and received in

3    evidence in lieu of originals thereof, subject to all foundational requirements

4    and other objections which might be made to the admissibility of such originals,

5    and subject to the right of the party against whom it is offered to inspect an

6    original on request.

7          Any document produced by a party that on its face appears to have been

8    authored by an employee, officer, or agent of a party shall be deemed *prima*

9    *facie* to be authentic when used by a non-producing party, subject to the right of

10   the producing party to adduce evidence to the contrary.

11                    **VIII.  WITNESS LIST**

12         The list of witnesses to be called by the parties is set forth below.

13   **KFx Witnesses**

14         **Witnesses Plaintiff Expects To Call**

15   William Benavitz

16   Bart Bojanowski

17   Michael Cottle

18   Dr. Neal ElAttrache

19   Michael Green

20   Reinhold Schmieding

21   W. Tate Scott

22   Jon Sodeika

23   Mr. George Strong, Jr., J.D., M.B.A., C.P.A.

24   Dr. Joseph C. Tauro

25   Dr. Jonathan Ticker

26   **Witnesses Plaintiff May Call If The Need Arises**

27   Dan Hall

28   Ryan Melnick, Esq.

1    Ashley Willobee

2    **Arthrex Witnesses**

3        Dr. Jonathan E. Greenleaf

4        Robert L. Piziali, Ph.D.

5        Brett L. Reed

6        Dr. Peter Millett

7        Dr. Neal ElAttrache

8        Dr. Stephen Burkhart

9        William Benavitz

10       Peter Dreyfuss

11       Mike Cottle

12       Ashley Willobee

13       John Schmieding

14       Dan Hall

15       David J. Gaskey

16       Tate Scott

17       Ron Giannotti

18       Michael L. Green

19       Dr. Joseph C. Tauro

20       Bart Bojanowski

21       Ryan E. Melnick

22       Testimony may be live and/or by deposition as permitted by the Federal

23   Rules of Evidence.

24                   IX.  **ISSUES OF LAW AND EQUITY**

25       The following issues of law and equity, and no others, remain to be

26   litigated upon the trial:

27   / / /

28   / / /

**A.     Enhanced Damages**

1.     Whether KFx is entitled to any enhancement of damages under 35 U.S.C. § 284, and, if so, the amount of such an award.

2.     Whether KFx is entitled to pre- and post-judgment interest on any damages award and, if so, the rate and amount of such interest.

**B.     Accounting**

An accounting to determine the amount of damages or royalties due KFx for any infringement by Arthrex during any period after judgment in this case in the event an injunction is not entered.

**C.     Exceptional Case**

Whether this is an exceptional case under 35 U.S.C. § 285 by reason of Arthrex's willful infringement, and, if so, whether KFx is entitled to attorneys' fees under 35 U.S.C. § 285 and the amount of such an award.

**D.     Permanent Injunction**

Whether, in its discretion, the Court should permanently enjoin Arthrex from infringing the KFx patents, taking into account the following factors:

a. whether KFx has suffered irreparable injury;

b. whether remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

c. whether, considering the balance of hardships between KFx and Arthrex, a remedy in equity is warranted; and

d. whether the public interest would be disserved by a permanent injunction.

**E.     Best Mode**

Whether failure to disclose the best mode is an available defense for the '969 patent in view of the America Invents Act.  *See Leahy-Smith America Invents Act*, Pub. L.  No. 112-29, § 15, 125 Stat. 284, 328 (2011).

/ / /

**F.     Obviousness**

Whether differences between the subject matter of the asserted claims and the prior art are such that the asserted claims as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said asserted claims pertain.  This is a question of law based upon underlying facts.

**G.     Willfulness**

Whether KFx has proved by clear and convincing evidence that Arthrex acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Arthrex maintains this is a legal threshold issue for the Court alone and prefers the Court decide the issue without referring the question to the jury.  KFx maintains the ultimate decision on this issue is for the Court and may be informed by underlying facts as determined by the jury.

**H.     Inventorship**

Whether the '311 and '942 patents are valid or enforceable if they do not list the correct inventors.[3]

## X.  ORDER TO SUPPLEMENT PLEADINGS

The foregoing admissions have been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this cause, unless modified to prevent manifest injustice.

## XI.  JURY TRIAL

This case shall be tried by a jury.

## XII.  BIFURCATION

None.

/ / /

_____

[3]   See footnote 1 above.

## XIII.  <u>LENGTH OF TRIAL</u>

The parties estimate that trial will take 8-12 days.

Dated: July 19, 2013

_____
Honorable Dana M. Sabraw
United States District Judge

**APPROVED AS TO FORM AND CONTENT:**

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 12, 2013        By:  s/*Joseph F. Jennings*
_____
Joseph F. Jennings
Brian Horne
Sean M. Murray
Sarah Lampton
Marissa Calcagno

Attorneys for Plaintiff
KFx Medical Corporation

Dated: July 12, 2013        By:  s/*Salvatore P. Tamburo*
_____
Charles W. Saber
Salvatore P. Tamburo
Megan S. Woodworth
S. Gregory Herrman
Lawrence La Porte
Robert W. Dickerson

Attorneys for Defendant
Arthrex, Incorporated

15794378
071213