Robert W. Dickerson, Jr. (State Bar No. 089367)
DickersonR@dicksteinshapiro.com
Lawrence R. LaPorte (State Bar No. 130003)
LaPorteL@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone:  (310) 772-8300

Charles W. Saber, admitted pro hac vice
SaberC@dicksteinshapiro.com
Salvatore P. Tamburo, admitted pro hac vice
TamburoS@dicksteinshapiro.com
Megan S. Woodworth, admitted pro hac vice
WoodworthM@dicksteinshapiro.com
S. Gregory Herrman, admitted pro hac vice
HerrmanG@dicksteinshapiro.com
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200

Attorneys for Defendant, Arthrex, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KFX MEDICAL CORP.<br><br>    Plaintiff and Counterdefendant,<br><br>vs.<br><br>ARTHREX, INC.<br><br>    Defendant and Counterclaimant. | **Case No. 3:11-cv-1698**<br><br>**Hon. Dana M. Sabraw**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARTHREX MOTION IN LIMINE NO. 01** |

DICKSTEIN
SHAPIRO LLP

DSMDB-3184740v1

Defendant Arthrex, Inc. ("Arthrex") respectfully submits the following memorandum of points and authorities in support of its Motion *in Limine* No. 01 to preclude Plaintiff KFx Medical Corp. ("KFx") from eliciting testimony from its liability expert, Dr. Jonathan Ticker, on the issues of intent, state of mind, or knowledge of Arthrex.

## I.     INTRODUCTION

The asserted claims of the patents-in-suit (the '311, '942, and '969 patents) all recite methods of performing certain surgical procedures.  Plaintiff  KFx is accusing Defendant Arthrex of actively inducing and contributing to the infringement of the KFx patents through the sale of products for – and marketing and promotion of – Arthrex's SutureBridge$^{TM}$ double-row rotator cuff repair technique ("SutureBridge") and SpeedBridge$^{TM}$ double-row rotator cuff repair technique ("SpeedBridge").  D.I. 137 at 1:13-17.

Both forms of indirect infringement at issue require specific intent.  In 2011, the Supreme Court confirmed that both inducement and contributory infringement under 35 U.S.C. § 271(b) and (c), respectively, require knowledge of the asserted patent and that the induced acts constitute patent infringement.  *Global-Tech Appliances, Inc., v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011).  KFx has suggested that it will try to demonstrate that Arthrex acted with the requisite intent and knowledge "through, among other things, the testimony of KFx's expert, Dr. Ticker."  D.I. 112 at 24:1-4.  Dr.Ticker's report further suggests that he intends to offer an opinion as to

Arthrex's purported knowledge and intentions.  Any such opinion would be inherently improper as state of mind is not generally an appropriate subject of expert testimony, particularly from a medical doctor who is opining on technical issues in the case.  Dr. Ticker's opinion as to Arthrex's supposed knowledge or intent is irrelevant under the governing legal standards. Thus, his opinion would be unhelpful to the jury.

## II.   DR. TICKER SHOULD BE PRECLUDED FROM OFFERING TESTIMONY ON ARTHREX'S KNOWLEDGE OR INTENT

In his Opening Expert Report (on infringement), Dr. Ticker devotes several pages to his opinions that "Arthrex Induced Infringement of the '311, '942, and '969 patents" and that "Arthrex has contributed to the infringement of the '311, '942, and '969 patents."  Exh. 1, Declaration of Robert W. Dickerson, Jr. in Support of Arthrex's Motion in *Limine* No. 01 ("Dickerson Decl.") at 37-44.  In these sections, Dr. Ticker opines that Arthrex "has actively and knowingly aided and abetted the direct infringement of the '311, '942, and '969 patents." *Id.* at ¶ 90.  With respect to inducement, Dr. Ticker opines about what it is "reasonable to infer" with respect to Arthrex's knowledge of infringement for the '311, '942, and '969 patents. *Id.* at ¶ 94.  Likewise, in a section devoted to contributory infringement, Dr. Ticker opines that "Arthrex knew that their SpeedBridge and SutureBridge Implant Systems for rotator cuff repair were especially made for use in the SpeedBridge rotator cuff repairs," citing nothing other than his own unsupported conclusion that Arthrex knew these repairs infringed the '311, '942, and '969 patents. *I.d.*, at ¶ 103.

All of these opinions regarding Arthrex's state of mind, knowledge, intent, or purpose are not appropriate opinion testimony from any expert, much less a technical expert. *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1242 (S.D. Cal. 2010) (finding expert testimony "crosses into impropriety when he offers his opinions as to Defendants' mental state."). As another district court succinctly explained: "[T]he question of intent is a classic jury question and not one for experts." *Bethlehem Area Sch. Dist. v. Zhou*, No. 09-cv-0943, 2011 U.S. Dist. LEXIS 111215 (E.D. Pa. Sept. 27, 2011) (quoting *Robinson v. Hartzell Propeller, Inc.*, 326 F. Supp. 2d 631, 648 (E.D. Pa. 2004)). The reason for this rule is simple: "An expert simply is not in any better position than the jury to assess another's subjective intent." *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 423 (W.D. Pa. 2006). Accordingly, this testimony is not helpful to the jury and should therefore be excluded under at least Fed. R. Evid. 702. *Estate of Gonzales v. Hickman*, No. 05-660, 2007 WL 3237727, *3 (C.D. Cal. May 30, 2007) ("Rule 702 ensures that expert witnesses will not testify about 'lay matters which a jury is capable of understanding and deciding without the expert's help.' In other words, experts should not be permitted to 'supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence.' Examples of 'expert' testimony that courts have excluded on this basis include factual narratives and interpretations of conduct or views as to the motivation of parties.") (citing *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546-47 (S.D.N.Y. 2004)).

This rule prohibiting expert testimony on the intent of parties is also applicable in patent cases where certain allegations have subjective inquiries. *See Conceptus, Inc., v. Hologic, Inc.*, No. 3:09-cv-02280, 2011 U.S. Dist. LEXIS 109968 (N.D. Cal. Sept. 27, 2011) (holding "[n]o expert shall testify as to intent or state of mind."). The rule is particularly important here, where a technical expert who has been retained to explain and opine on the technical issues relating to infringement and validity attempts to speculate about the subjective intent of another party. Such testimony is not based on the expert's skill, experience, training or education" and should be excluded for this additional reason pursuant to Fed. R. Civ. P. 702. *E.g. Bone Care Int'l LLC v. Pentech Pharms., Inc.*, No. 08-1083, 2010 U.S. Dist. LEXIS 105118, at *31-32 (N.D. Ill. Oct. 1, 2010) ("Dr. Keana's education, training, and experience, however, do not qualify him with the expertise to plumb the inventor's and attorneys' minds and discern whether they 'lacked candor' or had actual intent to deceive.").

The impropriety of Dr. Ticker's opinions is exacerbated by the fact that he is applying the incorrect legal standard with respect to the requisite knowledge. His opinion suggests that to prove that Arthrex is inducing KFX must show, among other things, "Arthrex knew or should have known that its actions would lead to actual infringement of at least one claim of the asserted patents." Exh. 1, Dickerson Decl., at ¶ 84 (emphasis added). He then has a section devoted to his opinion that "Arthrex knew or should have known that its actions would lead to actual infringement." *Id.* at

¶¶ 93-94(emphasis added).  The Federal Circuit recently clarified that this is not the appropriate standard for assessing knowledge of the infringement for indirect infringement.  *Commil USA, LLC v. Cisco Sys.*, No. 2012-1042, 2013 U.S. App. LEXIS 12943 (Fed. Cir. June 25, 2013).  In *Commil*, the Court held that a jury instruction permitting a finding of induced infringement if the defendant "knew or should have known" about the underlying direct infringement was legally erroneous.  *Id.* at *9 ("Therefore, to the extent our prior case law allowed the finding of induced infringement based on recklessness or negligence, such case law is inconsistent with Global-Tech and no longer good law.").  The proposed testimony from Dr. Ticker about Arthrex's knowledge is not based on the appropriate legal standard, and for this additional reason, the testimony should be excluded as irrelevant and likely to confuse the jury.

Accordingly, Dr. Ticker should be prohibited from presenting any testimony or opinion regarding Arthrex's state of mind, knowledge, intent, or purpose.

Dated:  July 26, 2013          By:  /s/ Robert W. Dickerson, Jr.

        Robert W. Dickerson, Jr.
        DICKSTEIN SHAPIRO LLP
        1825 Eye Street NW
        Washington, DC 20006-5403
        Tel:  (310) 772-8300
        DickersonR@dicksteinshapiro.com

        Attorney for Defendant/Counterclaimant Arthrex, Inc.