Joseph F. Jennings (State Bar No. 145,920)
joe.jennings@knobbe.com
Brian Horne (State Bar No. 205,621)
brian.horne@knobbe.com
Sean M. Murray (State Bar No. 213,655)
sean.murray@knobbe.com
Sarah Lampton (State Bar No. 282,404)
sarah.lampton@knobbe.com
Marissa Calcagno (State Bar No. 279,783)
marissa.calcagno@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
KFx Medical Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFX MEDICAL CORPORATION, a Delaware corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>ARTHREX, INCORPORATED, a Delaware corporation,<br><br>    Defendant and Counterclaimant. | Case No. 11cv1698 DMS (BLM)<br><br>**KFX'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE KFX FROM ELICITING TESTIMONY FROM DR. JONATHAN TICKER ON ISSUES OF INTENT, STATE OF MIND OR KNOWLEDGE OF ARTHREX**<br><br>Date:  August 9, 2013<br>Time:  1:30 p.m.<br>Courtroom 13A<br>Honorable Dana M. Sabraw |

Arthrex's motion paints with far too broad a brush. Arthrex seeks to preclude KFx's expert, Dr. Jonathan Ticker, from offering any evidence at all regarding Arthrex's intent or knowledge in causing its customers to infringe KFx's patents. But Arthrex offers no concrete examples of proposed improper testimony by Dr. Ticker, instead offering just a few brief snippets stripped from their context. *See* Mot. at 2. Moreover, Arthrex offers no objection at all to major portions of Dr. Ticker's report relating to the intent element of contributory and induced infringement. Yet, Arthrex seeks to exclude them without basis.

A review of Dr. Ticker's expert report shows that his proposed testimony regarding the intent elements of induced and contributory infringement is in fact proper and should be admitted for the jury's consideration. Federal Circuit case law provides that intent to induce infringement may be proved by evidence that the defendant promoted its products for use in an infringing manner. Consistent with this case law, Dr. Ticker expects to explain to the jury that Arthrex has promoted the use of its anchors and surgical kits in an infringing manner, and that this supports an inference that Arthrex intended its customers to infringe. Dr. Ticker's proposed testimony goes no further than Federal Circuit case law allows.

I. **DR. TICKER'S PROPOSED TESTIMONY IS PROPER**

It is well settled that a patentee may prove the intent elements of induced and contributory infringement through circumstantial evidence. *See Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009). "Evidence of active steps taken to induce infringement, such as advertising an infringing use, can support a finding of an intention for the product to be used in an infringing manner." *Lucent*, 580 F.3d at 1322. *See also Dataquill Ltd. v. High Tech Computer Corp.*, 887 F.Supp.2d 999, 1011 (S.D. Cal. 2011). Thus, KFx may prove Arthrex's intent to cause infringement by presenting evidence that

Arthrex engaged in active steps to induce infringement, such as advertising an infringing use of surgical kits, suture anchors and other Arthrex products. That is precisely how KFx plans to use Dr. Ticker's testimony.

Dr. Ticker's opinions regarding induced and contributory infringement begin in Paragraph 90 of his expert report. There, Dr. Ticker explains that "Arthrex's website contains technique guides, animations, and multiple surgical videos … which demonstrate for surgeons visually and verbally how to perform rotator cuff repairs in manners which infringe the asserted claims." Dickerson Decl., Ex. 1 ¶ 90. Similarly, Dr. Ticker explains that "Surgeons are taught by Arthrex employees and consultant surgeons at Arthrex laboratory sites and at meetings to perform rotator cuff repairs in an infringing manner." *Id.* As an orthopedic surgeon himself, Dr. Ticker has the experience to understand how orthopedic surgeons are trained and the effect that Arthrex's technical materials and training practices can be expected to have on surgeons in the field. Accordingly, based on his review of Arthrex's technical materials – notably its surgical technique videos, surgical technique animations and written technique guides – and on his review of Arthrex's practices in training surgeons and his own experience as a surgeon, Dr. Ticker concludes that "Arthrex has actively and knowingly aided and abetted the direct infringement" of the KFx patents. *Id*.

In these passages in Paragraph 90, Dr. Ticker has done precisely what the Federal Circuit authorized in *Lucent*. He has used his technical expertise to interpret the technical materials distributed to surgeons by Arthrex and has concluded that those materials instruct surgeons to infringe the KFx patents. As the Federal Circuit explained in *Lucent*, this is precisely the type of circumstantial evidence that a jury can rely upon to conclude that Arthrex intended its surgeon customers to infringe. *See Lucent*, 580 F.3d at 1322.

/ / /

Paragraph 91 of Dr. Ticker's report is similar.  There, Dr. Ticker states: "Based on my clinical experience, surgeons learning a procedure through technique guides, sawbones or cadaver hands-on practice, and/or by watching video or animation demonstrations will perform the techniques as they have been taught." Dickerson Decl. re: Arthrex MIL No. 1, Ex. 1 ¶ 91.  Arthrex has not even identified anything improper in this proposed testimony, and it cannot.  This proposed testimony merely informs the jury that surgeons tend to follow the instructions they are given by manufacturers and others.  Such evidence tends to rebut any claim by Arthrex that it did not intend surgeons to follow the instructions it gave to them.  And it is based on specialized knowledge and experience that a lay jury will not possess.

Paragraph 93 of Dr. Ticker's report then combines Paragraphs 90 and 91.  Dr. Ticker first reiterates that the materials Arthrex has provided to surgeons instruct them to infringe.  *Id.* ¶ 93.  Dr. Ticker then reiterates that "Arthrex would anticipate that surgeons, using these and other Arthrex provided resources, would perform the procedures as they had been taught." *Id*.  From this, Dr. Ticker concludes that Arthrex must have known that its customers would infringe the KFx patents.  *Id*.  As before, this is precisely the type of circumstantial evidence that a jury can rely upon to conclude that Arthrex intended its surgeon customers to infringe.  *See Lucent*, 580 F.3d at 1322.

## II.  THE CASES CITED BY ARTHREX ARE OFF POINT

Arthrex cites several district court cases for the proposition that expert testimony on the issue of intent is ordinarily improper.  *See* Mot. at 3-4.  None of these cases, however, involve the intent element of induced or contributory infringement.  This distinction is critical.  To prove the intent element of induced infringement, KFx is entitled to rely upon "[e]vidence of active steps taken to induce infringement, such as advertising an infringing use." *Lucent*, 580 F.3d at 1322.  This cries out for expert testimony.  Because infringement in

this case is a highly technical question of fact, expert testimony is by far the most helpful way to explain to the jury that Arthrex's advertising promotes an infringing use.

Even outside the indirect infringement context, Arthrex vastly overstates the restrictions on expert testimony regarding intent. The case law establishes that expert testimony regarding intent and knowledge is appropriate, at least where a party's intent is intertwined with complex technical issues. *See Bauman v. Centex Corp.*, 611 F.2d 1115, 1120-21 (5th Cir. 1980). In *Bauman*, for example, the defendant objected that the plaintiff's expert testified regarding "intent" and "knowledge," arguing that this "would invade the province of the jury." *Id*. The court rejected this argument, holding that the expert testimony was helpful to the jury because it involved complex issues of corporate management. *Id. See also Agrigenetics, Inc. v. Pioneer Hi-Bred Int'l*, 2010 U.S. Dist. LEXIS 120003 *13-*15 (S.D. Ind. Nov. 10, 2010) (admitting testimony of marketing experts regarding parties' intent in entering into marketing agreement); *Bouygues Telecom v. Tekelec*, 472 F. Supp. 2d 722, 726-27 (E.D.N.C. 2007) (admitting expert testimony on knowledge, state of mind, motive and intent in a case involving "highly complex and technical" issues of telecommunications). Simply put, where the intent of a party may be inferred from a complex set of facts, expert testimony is permissible to assist the jury in understanding those complex facts and the inferences that may be drawn from them. That is precisely the case here.

### III. DR. TICKER DID NOT RELY UPON AN INCORRECT LEGAL STANDARD

In Paragraph 84 of his expert report, Dr. Ticker recited the standard for induced infringement set forth in the 2012 AIPLA Model Patent Jury Instructions. Dickerson Decl. re: Arthrex MIL No. 1, Ex. 1 ¶ 84. That model jury instruction provides that a patentee must prove that the defendant "knew or

should have known that its actions would lead to actual infringement." *Id.* Very recently, and long after KFx served Dr. Ticker's report, the Federal Circuit rejected the "should have known" language that appears in the model jury instruction. *See Commil USA v. Cisco Sys.*, 2013 U.S. App. LEXIS 12943 *9 (Fed. Cir. June 25, 2013). Dr. Ticker cannot be faulted for not anticipating the *Commil* decision.

Moreover, the actual opinions offered by Dr. Ticker in his report do not rely upon the "should have known" standard. Rather, consistent with *Commil*, Dr. Ticker offered his opinion that Arthrex "knowingly aided and abetted the direct infringement" of the KFx patents, Dickerson Decl. re: Arthrex MIL No. 1, Ex. 1 ¶ 90, and that Arthrex "must have known" that its surgical methods infringe the KFx patents, *id.* ¶ 93. Thus, the testimony Dr. Ticker will offer at trial will be consistent with the standards announced in *Commil*.

## IV.  CONCLUSION

Federal Circuit case law is clear that the intent required to be liable for induced infringement is shown by proving technical facts – namely, that Arthrex advertised and promoted its surgical products for use in an infringing manner. Expert testimony is both necessary and appropriate to establish these technical facts and explain what inferences may reasonably be drawn from them. Accordingly, Arthrex's motion should be denied.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 2, 2013     By: s/*Sean M. Murray*
                              Joseph F. Jennings
                              Brian Horne
                              Sean M. Murray
                              Sarah Lampton
                              Marissa Calcagno

                              Attorneys for Plaintiff
                              KFx Medical Corporation

## PROOF OF SERVICE

I hereby certify that on August 2, 2013, I caused the KFX'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO PRECLUDE KFX FROM ELICITING TESTIMONY FROM DR. JONATHAN TICKER ON ISSUES OF INTENT, STATE OF MIND OR KNOWLEDGE OF ARTHREX to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Robert W. Dickerson
DickersonR@dicksteinshapiro.com
Lawrence La Porte
LaporteL@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
T: 310-772-8300

Charles W. Saber
saberc@dicksteinshapiro.com
Salvatore P. Tamburo
tamburos@dicksteinshapiro.com
Megan S. Woodworth
woodworthm@dicksteinshapiro.com
S. Gregory Herrman
herrmang@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street Northwest
Washington, DC 20006
T: 202-420-2200

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on August 2, 2013, at San Diego, California.

Colleen Mensching

KFXL.064L
15859393