Robert W. Dickerson, Jr. (State Bar No. 089367)
DickersonR@dicksteinshapiro.com
Lawrence R. LaPorte (State Bar No. 130003)
LaPorteL@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone:  (310) 772-8300

Charles W. Saber, admitted pro hac vice
SaberC@dicksteinshapiro.com
Salvatore P. Tamburo, admitted pro hac vice
TamburoS@dicksteinshapiro.com
Megan S. Woodworth, admitted pro hac vice
WoodworthM@dicksteinshapiro.com
S. Gregory Herrman, admitted pro hac vice
HerrmanG@dicksteinshapiro.com
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200

Attorneys for Defendant, Arthrex, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFX MEDICAL CORP. | **Case No. 3:11-cv-1698** |
| Plaintiff and Counterdefendant, | **Hon. Dana M. Sabraw** |
| vs. | **DECLARATION OF ROBERT W. DICKERSON, JR. IN SUPPORT OF DEFENDANT ARTHREX, INC.'S BENCH BRIEF REGARDING EXCLUSION OF LATE EVIDENCE (S&N LICENSE AGREEMENT)** |
| ARTHREX, INC. | |
| Defendant and Counterclaimant. | |

DICKSTEIN
SHAPIRO LLP

I, Robert W. Dickerson, Jr., declare and state as follows:

I am a partner in the law firm of Dickstein Shapiro LLP, and I am counsel of record for Arthrex, Inc. ("Arthrex") in this action.  I submit this declaration in support of Defendant Arthrex, Inc.'s Bench Brief Regarding Exclusion Of Late Evidence (S&N License Agreement).  The following statements are based on my personal knowledge.

1.     Attached hereto as Exhibit 1 is a true and correct copy of the license agreement between KFx and Smith & Nephew, dated August 12, 2013, (PX 0936) FILED UNDER SEAL.

2.     Attached hereto as Exhibit 2 is a true and correct copy of a Tate Scott memo to the KFx board, dated January 19, 2010, FILED UNDER SEAL.

3.     Attached hereto as Exhibit 3 is a true and correct copy of an Evaluation and Nondisclosure Agreement between Smith & Nephew and KFx, dated March 4, 2005, FILED UNDER SEAL.

4.     Attached hereto as Exhibit 4 is a true and correct copy of a Stephen Snowdy email to Tate Scott and Craig Taylor, dated April 15, 2010, FILED UNDER SEAL.

5.     Attached hereto as Exhibit 5 is a true and correct copy of a Tate Scott email to Don Haut, dated April 15, 2010, FILED UNDER SEAL.

6.     Attached hereto as Exhibit 6 is a true and correct copy of excerpts of a presentation, dated December 10, 2010, (DX 5776) FILED UNDER SEAL.

7.     Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the deposition transcript of William Tate Scott, III, dated November 16, 2012, FILED UNDER SEAL.

8.     Attached hereto as Exhibit 8 is a true and correct copy of Licensing Transaction (DX 5485), FILED UNDER SEAL.

9.     Attached hereto as Exhibit 9 is a true and correct copy of excerpts of the deposition transcript of George G. Strong, Jr, dated July 24, 2013, FILED UNDER SEAL.

10.     Attached hereto as Exhibit 10 is a true and correct copy of excerpts of Arthrex's First Set of Document Requests, dated December 29, 2011.

11.     Attached hereto as Exhibit 11 is a true and correct copy of a Joe Jennings email to Salvatore Tamburo, dated August 14, 2013.

12.     Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the expert damages report of George G. Stong, Jr., dated, March 7, 2013, FILED UNDER SEAL.

13.     Attached hereto as Exhibit 13 is a true and correct copy of excerpts of the expert damages report of Brett Reed, dated April 18, 2013, FILED UNDER SEAL.

14.     Attached hereto as Exhibit 14 is a true and correct copy of a Knobbe Martens Olson & Bear LLP "Successes" page from their website, highlighting representation of Smith & Nephew, Inc.

15.     Attached hereto as Exhibit 15 is a true and correct copy of a Knobbe Martens Olson & Bear LLP press release, titled *Federal Circuit Court of Appeals Rules in Favor of Knobbe Martens Client, Smith & Nephew, Inc.,* dated July 16, 2013.

16.     Attached hereto as Exhibit 16 is a true and correct copy of a Knobbe Martens Olson & Bear LLP press release, titled *Knobbe Martens Scores Major Patent Litigation Victory For Smith & Nephew*, dated October 20, 2010.

17.     Attached hereto as Exhibit 17 is a true and correct copy of a Knobbe Martens Olson & Bear LLP press release, titled *Smith & Nephew Case Transferred Out Of Eastern District Of Texas*, dated January 15, 2008.

DICKSTEIN
SHAPIRO LLP

3:11-cv-1698

1

2  Dated:  August 15, 2013                    By:   /s/ Robert W. Dickerson, Jr.

3                                                  Robert W. Dickerson, Jr.

4                                                  DICKSTEIN SHAPIRO LLP
                                                   1825 Eye Street NW
5                                                  Washington, DC 20006-5403
                                                   Tel:  (310) 772-8300
6                                                  DickersonR@dicksteinshapiro.com
7
8                                                  Attorney for Defendant/Counterclaimant
                                                   Arthrex, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DICKSTEIN
SHAPIRO LLP

1

## **TABLE OF EXHIBITS**

2

**Exhibit No.** ....................................................................................**Page No.**

3

Exhibit 1, FILED UNDER SEAL. ...........................................................................1

4

Exhibit 2, FILED UNDER SEAL ...........................................................................20

5

Exhibit 3, FILED UNDER SEAL ...........................................................................32

6

Exhibit 4, FILED UNDER SEAL ...........................................................................36

7

Exhibit 5, FILED UNDER SEAL ...........................................................................39

8

Exhibit 6, FILED UNDER SEAL ...........................................................................41

9

Exhibit 7, FILED UNDER SEAL ...........................................................................44

10

Exhibit 8, FILED UNDER SEAL ...........................................................................48

11

Exhibit 9, FILED UNDER SEAL ...........................................................................50

12

Exhibit 10....................................................................................................................59

13

Exhibit 11....................................................................................................................62

14

Exhibit 12, FILED UNDER SEAL ........................................................................64

15

Exhibit 13, FILED UNDER SEAL ........................................................................70

16

Exhibit 14....................................................................................................................74

17

Exhibit 15....................................................................................................................79

18

Exhibit 16....................................................................................................................81

19

Exhibit 17....................................................................................................................83

20

21

22

23

24

25

26

27

28