```
                                    ┌─────────────────────────┐
                                    │         FILED           │
                                    │   ┌─────────────────┐   │
                                    │   │   AUG 29 2013    │   │
                                    │   └─────────────────┘   │
                                    │  CLERK U.S. DISTRICT COURT │
                                    │ SOUTHERN DISTRICT OF CALIFORNIA │
                                    │ BY              DEPUTY   │
                                    └─────────────────────────┘
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFx MEDICAL CORP.,<br><br>    Plaintiff,<br><br> v.<br><br>ARTHREX, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    No. 11CV1698-DMS<br>)<br>)<br>)<br>) |

**JURY INSTRUCTIONS**

DATED: _August 27, 2013_

_____
DANA M. SABRAW
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO.:_____

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. __2___

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff KFx contends that defendant Anthrex's SutureBridge and SpeedBridge procedures directly infringe claims 1, 20 and 28 of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1 and 3 of the '969 patent. Specifically, KFx contends that Arthrex actively induced infringement of the patents in suit. KFx has the burden of proving these claims by a preponderance of the evidence.

KFx also claims that Arthrex willfully infringed the patents in suit. KFx must prove willful infringement by clear and convincing evidence.

Arthrex denies that it infringed KFx's patents and also contends that the KFx patents are invalid (a) as being anticipated by the prior art, and (b) because the invention claimed by the KFx patents would have been obvious to one of ordinary skill in the art at the time the KFx claimed invention was made. Arthrex has the burden of proving these defenses by clear and convincing evidence.

KFx denies Arthrex's affirmative defenses.

INSTRUCTION NO.: **3**

## SUMMARY OF PATENT ISSUES

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations. You must decide the following issues:

1.  Whether KFx has proved by a preponderance of the evidence that surgeons performing the SutureBridge technique directly infringe claims 1, 20 and 28 of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1 and 3 of the '969 patent.

2.  Whether Kfx has proved by a preponderance of the evidence that Arthrex actively induced infringement of claims 1, 20 and 28 of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1 and 3 of the '969 patent by virtue of the SutureBridge procedure.

3.  Whether KFx has proved by a preponderance of the evidence that surgeons performing the SpeedBridge technique directly infringe claims 1, 20 and 28 of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1 and 3 of the '969 patent.

4.  Whether KFx has proved by a preponderance of the evidence that Arthrex actively induced infringement of claims 1, 20 and 28 of the '311 patent, claims 1 and 18 of the '942 patent, and claims 1 and 3 of the '969 patent by virtue of

the SpeedBridge procedures.

5.     Whether KFx has proved by clear and convincing evidence that any infringement of the KFx patents by Arthrex was willful.

6.     Whether Arthrex has proved by clear and convincing evidence that a single prior art reference discloses every limitation of one or more of the asserted claims of the KFx patents.

7.     Whether Arthrex has proved by clear and convincing evidence that the asserted claims of the KFx patents would have been obvious to a person of ordinary skill in the art at the time the invention was made.

INSTRUCTION NO. _____4_____

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. ___5___

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. ___6___

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

INSTRUCTION NO. __7__

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. __8__

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. ____9____

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO.  10**

Certain charts, summaries and physical items not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts, summaries and physical items and determine the facts from the underlying evidence.

INSTRUCTION NO. _____11_____

Certain charts, summaries and physical items have been received into evidence to illustrate information brought out in the trial. Charts, summaries and physical items are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO.:___12___

## CLAIM CONSTRUCTION – GENERALLY

Before you decide whether Arthrex has infringed the claims of KFx's patents or whether KFx's patents are invalid, you will have to understand the patent claims. The patent claims are numbered sentences at the end of the patent. The patent claims involved here are claims 1, 20 and 28 of the '311 patent, beginning at column 14, line 31 of the '311 patent, which is exhibit 1 in evidence; claims 1 and 18 of the '942 patent, beginning at column 14, line 30 of the '942 patent, which is exhibit 2 in evidence; and claims 1 and 3 of the '969 patent, beginning at column 14, line 30 of the '969 patent, which is exhibit 3 in evidence. The claims are intended to define, in words, the boundaries of the invention. Only the claims of the patent can be infringed. Neither the written description, nor the drawings of a patent can be infringed. Each of the claims must be considered individually. You must use the same claim meaning for both your decision on infringement and your decision on invalidity.

INSTRUCTION NO.: **13**

## CLAIM CONSTRUCTION FOR THE CASE

It is the Court's job to provide to you the meaning of any claim language that must be interpreted. You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid. For any words or phrases in the claim for which I have not provided you with a definition, you should apply their ordinary meaning. I will now tell you the meanings of the following words and groups of words from the patent claims.

The word "inserting" in the phrase "inserting a [ ] anchor into bone" is construed according to its plain and ordinary meaning.

The term "suture" means any flexible structure that can be stretched between two or more anchors, and includes, without limitation, traditional suture material, single or multiple stranded threads, or a mesh structure.

The phrase "fixedly securing the first length of suture to the second anchor without tying knots" means the first length of suture cannot be easily moved relative to the second anchor and that this step is completed without tying any knots.

The phrase "moving the proximal member of the second anchor distally towards the distal member of the second anchor, thereby fixedly securing the first length of suture at the second anchor position without tying any knots" is construed according to its plain and ordinary meaning.

The phrase "inserting at least a portion of a second anchor into bone at a position beyond an edge of the soft tissue" together with "fixedly securing the first length of suture at the second anchor position without tying any knots" is construed according to its plain and ordinary meaning.

INSTRUCTION NO.: _14_

## INFRINGEMENT - GENERALLY

I will now instruct you as to the rules you must follow when deciding whether KFx has proven that Arthrex infringed any of the claims of the KFx patents.

Patent law gives the owner of a valid patent the right to exclude others from importing, making, using, offering to sell, or selling the patented invention within the United States during the term of the patent. Any person or business entity that has engaged in any of those acts without the patent owner's permission infringes the patent. Here, KFx alleges that performance of Arthrex's SutureBridge procedure infringes claims 1, 20 and 28 of the '311 patent; claims 1 and 18 of the '942 patent; and claims 1 and 3 of the '969 patent. KFx also alleges that performance of Arthrex's SpeedBridge procedure infringes claims 1, 20 and 28 of the '311 patent; claims 1 and 18 of the '942 patent; and claims 1 and 3 of the '969 patent.

You have heard evidence about both KFx's commercial anchors and methods and Arthrex's accused anchors and methods. However, in deciding the issue of infringement you may not compare Arthrex's accused anchors and methods to KFx's commercial anchors and methods. Rather, you must compare Arthrex's accused SutureBridge and SpeedBridge methods to the claims of the KFx patents when making your decision regarding infringement.

A patent may be infringed directly or indirectly. Direct infringement results if the accused method is covered by at least one claim of the patent. Indirect infringement results if the defendant induces another to infringe a patent.

INSTRUCTION NO.: _15_

## DIRECT INFRINGEMENT

To determine infringement, you must compare Arthrex's SutureBridge and SpeedBridge procedures with each claim that KFx asserts is infringed, using my instructions as to the meaning of the patent claims.

A patent claim is infringed only if Arthrex's SutureBridge or SpeedBridge procedure includes each and every method step in that patent claim. If Arthrex's SutureBridge or SpeedBridge procedure does not contain one or more method steps recited in a claim, the procedure does not infringe that claim.

You must determine infringement with respect to each patent claim individually.

Arthrex's SutureBridge and SpeedBridge procedures should be compared to the invention described in each patent claim alleged to be infringed.

INSTRUCTION NO.: _16_

## INDUCING PATENT INFRINGEMENT

In this case, Arthrex is accused of inducing surgeons to directly infringe KFx's patent. To prove this allegation, KFx must establish it is more likely than not that:

1.　　Arthrex aided, instructed, or otherwise acted with the intent to cause acts by surgeons that would constitute direct infringement of the patent;

2.　　Arthrex knew of the patent, or showed willful blindness to the existence of the patent, at that time;

3　　Athrex knew, or showed willful blindness to the fact that its actions would result in infringement of at least one claim of the patent; and

4.　　The surgeons infringed at least one patent claim.

To find willful blindness: (1) Arthrex must have subjectively believed that there was a high probability that a patent existed covering the accused process and (2) Arthrex must have taken deliberate actions to avoid learning of the patent.

To find that Arthrex induced infringement, it is not necessary to show that Arthrex has directly infringed as long as you find that someone has directly infringed. However, if there is no direct infringement by anyone, Arthrex cannot have induced infringement of the patent.

INSTRUCTION NO.: _17_

## DIRECT INFRINGEMENT – KNOWLEDGE OF THE PATENT
## AND INTENT TO INFRINGE ARE IMMATERIAL

In this case, KFx asserts that performance of Arthrex's SutureBridge and SpeedBridge procedures directly infringes the KFx patents. Direct infringement can be found if KFx has proven that it is more likely than not that performance of Arthrex's SutureBridge or SpeedBridge procedure includes each and every method step of at least one claim of the KFx patents.

Someone can directly infringe a patent without knowing of the patent or without knowing that what they are doing is an infringement of the patent. They also may directly infringe a patent even though they believe in good faith that what they are doing is not an infringement of any patent.

INSTRUCTION NO.:  _18_

## INFRINGEMENT OF DEPENDENT CLAIMS

There are two different types of claims in the patent.  One type of claim is called an independent claim.  The other type of claim is called a dependent claim.

An independent claim is a claim that does not refer to any other claim of the patent.  An independent claim must be read separately from the other claims to determine the scope of the claim.

A dependent claim is a claim that refers to at least one other claim in the patent. A dependent claim incorporates all of the elements of the claim to which the dependent claim refers, as well as the elements recited in the dependent claim itself.

For example, claim 1 of the '311 patent is an independent claim and recites several elements.  Claim 28 of the '311 patent is a dependent claim that refers to claim 1 and includes an additional element.

Claim 28 of the '311 patent recites the method of claim 1, and further requires that "the inserting steps, passing step, and fixedly securing step are conducted arthroscopically."  Claim 28 of the '311 patent requires each of the method steps of claim 1, as well as the additional elements identified in claim 28 itself.

To establish literal infringement of claim 28 of the '311 patent, KFx must show that it is more likely than not that performance of Arthrex's SutureBridge or SpeedBridge procedure includes each and every element of claim 28.

If you find that independent claim 1, from which dependent claim 28 depends, is not literally infringed, then you cannot find that claim 28 is literally infringed.

INSTRUCTION NO.: __19__

## INFRINGEMENT OF OPEN ENDED OR "COMPRISING" CLAIMS

The preamble to claim 1 of the '311 patent, claim 1 of the '942 patent, and claim 1 of the '969 patent uses the phrase "[a] method of attaching soft tissue to bone, comprising." As I just described, the dependent claims incorporate this phrase. The word "comprising" means "including the following but not excluding others."

If you find that Arthrex's SutureBridge or SpeedBridge procedure includes all of the elements in the asserted claims, the fact that Arthrex's methods might include additional method steps would not avoid literal infringement of a claim that uses "comprising" language so long as the presence of the additional method steps does not negate an element of the claim.

**INSTRUCTION NO. 20**

## SUMMARY OF INVALIDITY DEFENSE

Arthrex contends that the asserted claims of the KFx patents are invalid. Arthrex must prove that it is highly probable that each asserted claim is invalid.

Claims of an issued patent may be found to be invalid. Thus, you must determine whether each of KFx's claims is invalid.

Arthrex contends that the asserted claims of the KFx patents are invalid as being anticipated by the prior art.

Arthrex also contends that the asserted claims of the KFx patents are invalid because the invention claimed by the KFx patents would have been obvious to one of ordinary skill in the art at the time the KFx claimed invention was made.

I will now instruct you in more detail why Arthrex alleges that the asserted claims of the KFx patents are invalid.

INSTRUCTION NO.: ___21___

## ANTICIPATION

If a device or process has been previously invented and disclosed to the public, then it is not new, and therefore the claimed invention is "anticipated" by the prior invention. Simply put, the invention must be new to be entitled to patent protection under the U.S. patent laws. To prove anticipation, Arthrex must prove that it is highly probable that the claimed invention is not new.

In this case, Arthrex contends that the asserted claims of the KFx patents are anticipated. Arthrex contends that the invention of these claims was anticipated by the work performed by Dr. Neal ElAttrache and/or Arthrex during 2003 and 2004.

To anticipate a claim, each and every element in the claim must be present in a single item of prior art, and arranged or combined in the same way as recited in the claim. You may not combine two or more items of prior art to find anticipation. In determining whether every one of the elements of the claimed invention is found in the item of prior art, you should take into account what a person of ordinary skill in the art would have understood from his or her review of the particular item of prior art.

You must keep these requirements in mind and apply them to each kind of anticipation you consider in this case.  There are additional requirements that apply to the particular categories of anticipation that Arthrex contends apply in this case. I will now instruct you about those.

INSTRUCTION NO.: __22__

## PRIOR PUBLIC KNOWLEDGE

Arthrex contends that the asserted claims of the KFx patents were anticipated because the invention defined in those claims was publicly known by others in the United States before it was invented by the inventors.

A patent claim is invalid if the invention defined in that claim was publicly known by others in the United States before it was invented by KFx.

INSTRUCTION NO.: **23**

## PRIOR PUBLIC USE

Arthrex contends that the asserted claims of the KFx patents were anticipated because the invention defined in those claims was publicly used by others in the United States before it was invented by KFx or was publicly used by others in the United States more than one year before the effective filing dates of the KFx patents.

A patent claim is invalid if more than one year before the filing date of the patent an embodiment of the claimed invention was both: (1) accessible to the public or commercially exploited in the United States; and (2) ready for patenting.

An invention was in public use if the claimed invention was accessible to the public or commercially exploited. Factors relevant to the determination of whether a use was public include the nature of the activity that occurred in public; public access to the use; confidentiality obligations imposed upon observers; commercial exploitation; and the circumstances surrounding testing and experimentation. An invention is publicly used if it is used by the inventor or by a person who is not under any limitation, restriction, or obligation of secrecy to the inventor. The absence of affirmative steps to conceal the use of the invention is evidence of a public use. However, secret use by a third party is not public, unless members of the public or employees of the third party have access to the invention.

In order to be a public use, the invention also must have been ready for patenting at the time of the alleged public use. An invention is ready for patenting either when it is reduced to practice or when the inventor has prepared drawings or other descriptions of the invention sufficient to allow a person of ordinary skill in the art to make or use the invention. An invention is reduced to practice when it has been (1) constructed or performed within the scope of the patent claims; and (2)

determined that it works for its intended purpose.  The claimed invention is ready for patenting when there is reason to believe it would work for its intended purpose.

INSTRUCTION NO.: _24_

## PRINTED PUBLICATION

Arthrex contends that the asserted claims of the KFx patents were anticipated because the invention defined in those claims was described in a printed publication more than one year before the effective filing dates of the KFx patents or before KFx invented the invention.

A patent claim is invalid if the invention defined by that claim was described in a printed publication before it was invented by KFx or more than one year prior to the effective filing dates of the KFx patents.

A printed publication must have been maintained in some tangible form, such as printed or typewritten pages, photographs, photocopies, or internet or other publications, and must have been sufficiently accessible to persons interested in the subject matter of its contents. It is not necessary for the printed publication to have been available to every member of the public. An issued patent is a printed publication. A published patent application is a printed publication as of its publication date.

The disclosure of the claimed invention in the printed publication must be complete enough to enable one of ordinary skill in the art to use the invention without undue experimentation. In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art one year before the effective filing dates of the KFx patents or at the time the invention of the KFx patents was made, and you may consider evidence that sheds light on the knowledge such a person would have had.

INSTRUCTION NO.: 25

## PRIOR INVENTION

Arthrex contends that the asserted claims of the KFx patents were anticipated because the invention defined in those claims was invented by another person, Arthrex and Dr. ElAttrache, before KFx invented its invention.

A patent claim is invalid if the invention defined by that claim was invented by another person in the United States before it was invented by the patentee, and that other person did not abandon, suppress, or conceal the invention.

Arthrex must show that it is highly probable *either* that before KFx invented its invention, Arthrex and Dr. ElAttrache reduced to practice a method that included all of the elements of the asserted claims of the KFx patents, or that Arthrex and Dr. ElAttrache were first to conceive of the invention and exercised reasonable diligence in later reducing the invention to practice. In addition, Arthrex must show that Arthrex and Dr. ElAttrache's method was sufficiently developed that one skilled in the art would have recognized that it would work for its intended purpose.

If the prior invention was abandoned, suppressed, or concealed, it does not anticipate the KFx patents. However, it is not necessary that KFx had knowledge of that prior invention.

An invention was not abandoned, suppressed, or concealed unless (1) the prior inventor actively concealed the invention from the public or (2) the prior inventor unreasonably delayed in making the invention publicly known. Generally, an invention was not abandoned, suppressed, or concealed if the invention was made public, sold, or offered for sale, or otherwise used for a commercial purpose. A period of delay does not constitute abandonment, suppression, or concealment if the prior inventor was engaged in reasonable efforts to bring the invention to market.

INSTRUCTION NO.:___26___

## DATE OF INVENTION

In this case, you must determine the date of invention for the claimed invention of the KFx patents.

The date of invention is either when the invention claimed in the KFx patents was reduced to practice or when conceived, provided the inventors were diligent in reducing the invention to practice. Diligence means working continuously, though not necessarily every day. Conception is the mental part of an inventive act, i.e., the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice, even if the inventor did not know at the time that the invention would work. Conception of an invention is complete when the idea is so clearly defined in the inventor's mind that, if the idea were communicated to a person having ordinary skill in the field of the technology, he or she would be able to reduce the invention to practice without undue research or experimentation. This requirement does not mean that the inventor has to have a prototype built, or actually explained her or his invention to another person. But, there must be some evidence beyond the inventor's own testimony that confirms the date on which the inventor had the complete idea. Conception may be proven when the invention is shown in its complete form by drawings, disclosure to another person, or other forms of evidence presented at trial.

A claimed invention is "reduced to practice" when it has been constructed, used, or tested sufficiently to show that it will work for its intended purpose or when the inventor files a patent application. An invention may also be reduced to practice even if the inventor has not made or tested a prototype of the invention if it has been fully described in a filed patent application.

The asserted claims of the '311 and '942 patents are entitled to an effective filing date of September 17, 2004, and the asserted claims of the '969 patent are entitled to an effective filing date of June 1, 2005.  That is their constructive reduction to practice date.

INSTRUCTION NO.: 27

## OBVIOUSNESS

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Arthrex may establish that a patent claim is invalid by showing, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made in the field of orthopedic surgery.

In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of orthopedic surgery that someone would have had at the time the claimed invention was made, the scope and content of the prior art, and any differences between the prior art and the claimed invention.

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of prior art. In considering whether a claimed invention is obvious, you may but are not required to find obviousness if you find that at the time of the claimed invention there was a reason that would have prompted a person having ordinary skill in the field of orthopedic surgery to combine the known

elements in a way the claimed invention does, taking into account such factors as (1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s); (2) whether the claimed invention provides an obvious solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention; (4) whether the prior art teaches away from combining elements in the claimed invention; (5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and (6) whether the change resulted more from design incentives or other market forces. To find it rendered the invention obvious, you must find that the prior art provided a reasonable expectation of success. Obvious to try is not sufficient in unpredictable technologies.

In determining whether the claimed invention was obvious, consider each claim separately. Do not use hindsight, i.e., consider only what was known at the time of the invention. You should not use the patent as a road map for selecting and combining items of prior art.

In making these assessments, you should take into account any objective evidence (sometimes called "secondary considerations") that may have existed at the time of the invention and afterwards that may shed light on the obviousness or not of

the claimed invention, such as:

a. Whether the invention was commercially successful as a result of the merits of the claimed invention (rather than the result of design needs or market-pressure advertising or similar activities);

b. Whether the invention satisfied a long-felt need;

c. Whether others had tried and failed to make the invention;

d. Whether others invented the invention at roughly the same time;

e. Whether others copied the invention;

f. Whether there were changes or related technologies or market needs contemporaneous with the invention;

g. Whether the invention achieved unexpected results;

h. Whether others in the field praised the invention;

i. Whether persons having ordinary skill in the art of the invention expressed surprise or disbelief regarding the invention;

j. Whether others sought or obtained rights to the patent from the patent holder; and

k. Whether the inventor proceeded contrary to accepted wisdom in the field.

INSTRUCTION NO.: __28__

## THE FIRST FACTOR: SCOPE AND CONTENT OF THE PRIOR ART

The prior art that you considered previously for anticipation purposes is also prior art for obviousness purposes. As I have described previously, the prior art includes the following items received into evidence during the trial:

1. any method that was publicly known or used by others in the United States before the patented invention was made;

2. patents that issued more than one year before the filing date of the patent, or before the invention was made;

3. publications having a date more than one year before the filing date of the patent, or before the invention was made;

4. any method that was in public use or on sale in the United States more than one year before the patent was filed;

5. any method that was made by anyone before the named inventors created the patented method where the method was not abandoned, suppressed, or concealed.

The parties agree that the following are prior art:

- U.S. Patent No. 5,891,168 to Thal;
- U.S. Patent No. 6,544,281 to ElAttrache, *et al*;
- U.S. Patent No. 5,584,835 to Greenfield;
- U.S. Patent No. 7,329,272 to Burkhart, *et al.*; and
- U.S. Patent No. 5,634,926 to Jobe.

Otherwise, you must determine what is the prior art that may be considered in determining whether the KFx patents are obvious. A prior art reference may be considered if it discloses information designed to solve any problem or need addressed by the patent or if the reference discloses information that has obvious uses

beyond its main purpose that a person of ordinary skill in the art would reasonably examine to solve any problem or need addressed by the patent.

INSTRUCTION NO.:___29___

## THE SECOND FACTOR: DIFFERENCES BETWEEN THE CLAIMED INVENTION AND THE PRIOR ART

You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art at the time of the invention. Your analysis must determine the impact, if any, of such differences on the obviousness or nonobviousness of the invention as a whole, and not merely some portion of it.

In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention. You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention. For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art. Most, if not all, inventions rely on building blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known. Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the

known elements in the way the claimed invention does.  The reason could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of any problem or need to be addressed, market demand, or common sense.  You may also consider whether the problem or need was known, the possible approaches to solving the problem or addressing the need were known and finite, and the solution was predictable through use of a known option.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious.  Again, you must undertake this analysis separately for each claim that Arthrex contends is obvious.

INSTRUCTION NO.: **30**

## THE THIRD FACTOR: LEVEL OF ORDINARY SKILL

The determination of whether a claimed invention is obvious is based on the perspective of a person of ordinary skill in the field of orthopedic surgery.  The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant.  The person of ordinary skill is also a person of ordinary creativity that can use common sense to solve problems.

When determining the level of ordinary skill in the art, you should consider all the evidence submitted by the parties, including evidence of:

1.  the level of education and experience of persons actively working in the field at the time of the invention, including the inventor;

2.  the types of problems encountered in the art at the time of the invention; and

3.  the sophistication of the technology in the art at the time of the invention, including the rapidity with which innovations were made in the art at the time of the invention.

INSTRUCTION NO.:___3/___

## INVALIDITY OF INDEPENDENT AND DEPENDENT CLAIMS

As I stated earlier, there are two different types of asserted claims in the patent. One type of claim is called an independent claim. The other type of claim is called a dependent claim.

An independent claim is a claim that does not refer to any other claim of the patent. An independent claim must be read separately from the other claims to determine the scope of the claim.

A dependent claim is a claim that refers to at least one other claim in the patent. A dependent claim includes all of the elements of the claim to which the dependent claim refers, as well as the elements recited in the dependent claim itself.

You must evaluate the invalidity of each asserted claim separately. However, to find that a dependent claim is invalid for anticipation or obviousness, you must first conclude that the independent claim to which that dependent claim refers is also invalid. Conversely, an independent claim can be found invalid, even though a dependent claim to which it refers is valid.

INSTRUCTION NO.: __3a__

## WILLFUL INFRINGEMENT – GENERALLY

If you find that it is more likely than not that Arthrex infringed KFx's patents and that the patent claims are valid, then you must also determine if this infringement was willful. In order to find that the infringement was willful, you must find that KFx presented clear and convincing evidence that Arthrex knew of the KFx patents and Arthrex's actions were taken despite that it knew, or should have known, that there was a high likelihood that its actions infringed a valid patent.

In determining willfulness, you must consider the totality of the circumstances. The totality of the circumstances comprises a number of factors, which include, but are not limited to whether Arthrex intentionally copied the claimed invention or a product covered by patent, whether Arthrex relied on competent legal advice, and whether Arthrex presented a substantial defense to infringement, including the defense that the patent is invalid.

In considering whether Arthrex relied upon competent legal advice, you should consider the timing of such advice and whether such advice was of a quality such that reliance on its conclusions was reasonable.

INSTRUCTION NO. __33__

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. ___34___

If it becomes necessary during your deliberations to communicate with me, you may send a note through my law clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. __**35**__

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.