Joseph F. Jennings (State Bar No. 145,920)
joe.jennings@knobbe.com
Brian Horne (State Bar No. 205,621)
brian.horne@knobbe.com
Sean M. Murray (State Bar No. 213,655)
sean.murray@knobbe.com
Sarah Lampton (State Bar No. 282,404)
sarah.lampton@knobbe.com
Marissa Calcagno (State Bar No. 279,783)
marissa.calcagno@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
KFx Medical Corporation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFX MEDICAL CORPORATION, a Delaware corporation, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> ARTHREX, INCORPORATED., a Delaware corporation, <br><br> Defendant and Counterclaimant. | Case No.  11cv1698 DMS (BLM) <br><br> **KFX'S OBJECTIONS TO ARTHREX'S PROPOSED JURY INSTRUCTIONS AND STATEMENT IN SUPPORT OF KFX'S PROPOSED FINAL JURY INSTRUCTION NO. 8** <br><br> Trial Date:  October 7, 2013 <br> Time:        9:00 A.M. <br> Courtroom 13A <br> Honorable Dana M. Sabraw |

Pursuant to this Court's September 20, 2013 Order Following Status Conference (Docket No. 268), Plaintiff KFx Medical Corporation ("KFx") hereby submits its objections to Defendant Arthrex, Inc.'s ("Arthrex") proposed jury instructions (Docket No. 271).

1
2
3
4
5
6
7
8
9
10
11
12 **<u>PRELIMINARY INSTRUCTIONS</u>**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   **ARTHREX'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**
2   **DUTY OF JURY**

3         Ladies and gentlemen: You are now the jury in this case. It is my duty to

4   instruct you on the law.

5         You must not infer from these instructions or from anything I may say or

6   do as indicating that I have an opinion regarding the evidence or what your

7   verdict on damages should be.

8         It is your duty to find the facts from all the evidence in the case. To those

9   facts you will apply the law as I give it to you.  You must follow the law as I

10  give it to you whether you agree with it or not.  And you must not be influenced

11  by any personal likes or dislikes, opinions, prejudices, or sympathy.  You must

12  also not be influenced by your prior finding that Arthrex infringes KFx's

13  patents.  The purpose of this trial is solely to decide damages that should be

14  awarded to KFx to compensate KFx, not to punish Arthrex.  KFx has the burden

15  of proving its damages by a preponderance of the evidence.  You may consider

16  any evidence that was previously presented or will be presented by both parties

17  that relates specifically to this issue of the amount of damages.  You should not,

18  however, consider other evidence in this phase of the trial that is not related to

19  damages.  That means that you must decide the amount of damages solely on

20  the damages-related evidence before you.  You will recall that you took an oath

21  to do so.

22        In following my instructions, you must follow all of them and not single

23  out some and ignore others; they are all important.

24  **Authorities:**

25  9th Cir. Civ. Jury Instr. 1.1B (2007) (adapted).

26  _____Given

27  _____Modified

28  _____Denied

**KFX'S OBJECTIONS TO**

**ARTHREX'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

KFx objects to the highlighted portions of Arthrex's Proposed Preliminary Jury Instruction No. 1 because they will confuse the jury and are unduly prejudicial.  Much of Arthrex's proposed instruction is related to the determination of damages generally and is duplicative of Arthrex's Proposed Final Jury Instruction No. 2.   Arthrex's concern that damages should be awarded to compensate KFx and not to punish Arthrex is directly addressed in the Final Instruction No. 2 ("The purpose of a damage award is to put KFx in about the same financial position it would have been in if the infringement had not happened. . . .  You may not add anything to the amount of damages to punish an accused infringer or to set an example").   Providing a truncated damages instruction at the start of the second phase of trial, however, will be unhelpful and may potentially confuse the jury.

Additionally, Arthrex's proposed instruction that the jury may consider only "damages-related" evidence is confusing and unduly prejudicial. Specifically, Arthrex's proposed instruction that the jury may consider only "evidence that was previously presented or will be presented by both parties that *relates specifically* to this issue of the amount of damages" potentially will confuse the jury as to what evidence it may consider in reaching a verdict on damages.  There is simply no need for the jury to first make a determination as to whether evidence "*relates specifically* to this issue of the amount of damages" in deliberating on the damages question to be decided in this phase. The parties recognize that there is a substantial overlap in the evidence relevant to liability and damages.  Indeed, that is why the same jury has been impanelled for both phases.  For example, much of the evidence presented in the liability phase also relates to the following Georgia Pacific factors to be considered in

the reasonable royalty analysis:  No. 8 ("established profitability of the product made under the KFx patents, its commercial success, and its current popularity"); No. 9 ("utility and advantages of the patented invention over the old modes or devices, if any that had been used for achieving similar results"); No. 10 ("nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention"); and No. 11 ("extent to which Arthrex has made use of the invention; and any evidence that shows the value of that use"). *See* Final Instruction No. 5.

**ARTHREX'S PROPOSED PRELIMINARY INSTRUCTION NO. 8**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authorities:**

9th Cir. Civ. Jury Instr. 1.13 (2007).

_____Given

_____Modified

_____Denied

**KFX'S OBJECTIONS TO**

**ARTHREX'S PROPOSED PRELIMINARY INSTRUCTION NO. 8**

**NO TRANSCRIPT AVAILABLE TO JURY**

The jury is well aware of the information conveyed by this instruction. The proposed instruction is therefore unnecessary and in the interest of judicial economy should not be given.

# ARTHREX'S PROPOSED PRELIMINARY INSTRUCTION NO. 9
## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authorities:**

9th Cir. Civ. Jury Instr. 1.14 (2007).

_____Given

_____Modified

_____Denied

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KFX'S OBJECTIONS TO**

**ARTHREX'S PROPOSED PRELIMINARY INSTRUCTION NO. 9**

**TAKING NOTES**

The jury is already well aware of the information conveyed by this instruction and the jurors who wanted to take notes have already done so.  In the interest of judicial economy, this instruction need not be given.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>FINAL INSTRUCTIONS</u>**

Proposed Jury Instructions
Case No. 11cv1698 DMS (BLM)

**ARTHREX'S PROPOSED FINAL JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict on damages should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You must also not be influenced by your prior finding that Arthrex infringes KFx's patents.  The purpose of this trial is solely to decide damages that should be awarded to KFx to compensate KFx, not to punish Arthrex.  You may consider any evidence that was previously presented or will be presented by both parties that relates specifically to the issue of damages.  You should not, however, consider other evidence in this phase of the trial that is not related to damages that may be appropriate.  That means that you must decide the amount of damages solely on the damages-related evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authorities:**

9th Cir. Civ. Jury Instr. 1.1C (2007) (adapted).

_____Given

_____Modified

_____Denied

**KFX'S OBJECTIONS TO**

**ARTHREX'S PROPOSED FINAL JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

KFx objects to Arthrex's Proposed Final Jury Instruction No. 1 because it will confuse the jury and is unduly prejudicial.  As set forth in KFx's Objections to Arthrex's Proposed Preliminary Jury Instruction No. 1, this instruction is confusing and prejudicial because it instructs the jury to consider only "damages-related" evidence, which may cause the jury to disregard evidence it heard during the first phase of trial.  Moreover, much of Arthrex's proposed instruction is superfluous in view of its Proposed Final Jury Instruction No. 2 regarding damages generally.

# KFX'S PROPOSED FINAL JURY INSTRUCTION NO. 8

## DOUBTS RESOLVED AGAINST INFRINGER

Any doubts that you may have on the issue of damages due to Arthrex's failure to keep proper records should be decided in favor of KFx.   Any confusion or difficulties caused by Arthrex's records also should be held against Arthrex, not KFx.

**Authorities:**

AIPLA's Model Patent Jury Instructions No. 11.13 (2012).

_____Given

_____Modified

_____Denied

**KFX'S STATEMENT IN SUPPORT OF ITS**

**PROPOSED FINAL JURY INSTRUCTION NO. 8**

**DOUBTS RESOLVED AGAINST INFRINGER**

KFx included this instruction in its Supplemental Final Jury Instructions filed on August 12, 2013, (Dkt. No. 199) as Supplemental Final Jury Instruction No. 34.  Arthrex objected to that instruction and KFx anticipates that Arthrex will likewise object to KFx's Proposed Final Jury Instruction No. 8.  Contrary to the contentions set forth in Arthrex's previous objection, this issue, as well as the reasoning in the case law cited by the model, applies to reasonable royalty issues as well as lost profits.

For example, in *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996), the infringer lacked records adequate to show the number of devices it manufactured, which forced the district court to extrapolate.  *Id.*  The Federal Circuit held that the extrapolation was "the best available reconstruction of the infringing activity."  *Id.* at 1573.  It also noted that the "[defendant] had the clear duty of keeping and preserving records of the acts for which infringement had been charged, and it is appropriate that doubt be resolved against [defendant]."  *Id.*  *See also Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983) (uncertainty must be resolved against the defendant there because it had failed to keep accurate records).

The reasoning in those cases applies equally to reasonable royalty cases, and the Federal Circuit said nothing to limit the rule to lost profits issues. Indeed, district courts—including this district—have held that doubts should be resolved against the infringer when a reasonable royalty is at issue.  *See, e.g., Lucent Techs., Inc. v. Microsoft Corp.*, 837 F. Supp. 2d 1107, 1116 (S.D. Cal. 2011); *Amado v. Microsoft Corp.*, 2008 WL 8641264 at *15 (C.D. Cal. Dec. 4, 2008); *Maxwell v. Angel-Etts of Cal.*, 2001 WL 34133507 at *7 (C.D. Cal. July 9, 2001).

Respectfully submitted,


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: September 30, 2013    By: s/ Joseph F. Jennings
                                    Joseph F. Jennings
                                    Brian Horne
                                    Sean M. Murray
                                    Sarah Lampton
                                    Marissa Calcagno

                                    Attorneys for Plaintiff and Counterdefendant
                                    KFx Medical Corporation

16351604

Joint Proposed Jury Instructions
Case No. 11cv1698 DMS (BLM)

**PROOF OF SERVICE**

I hereby certify that on September 30, 2013, I caused **KFX'S OBJECTIONS TO ARTHREX'S PROPOSED JURY INSTRUCTIONS AND STATEMENT IN SUPPORT OF KFX'S PROPOSED FINAL JURY INSTRUCTION NO. 8** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Robert W. Dickerson
dickersonr@dicksteinshapiro.com
Lawrence La Porte
laportel@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
T:  310-772-8300

Charles W. Saber
saberc@dicksteinshapiro.com
Salvatore P. Tamburo
tamburos@dicksteinshapiro.com
Megan S. Woodworth
woodworthm@dicksteinshapiro.com
S. Gregory Herrman
herrmang@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street Northwest
Washington, DC  20006
T:  202-420-2200

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on September 30, 2013, at San Diego, California.

Colleen Mensching